# THISTLE MILLS, Inc.,

## vs.

## LABAN SPARKS, Committee.

*Workmen's Compensation Act—Course of Employment—Industrial Accident Commission—Presumption in Favor of Decision—Accident to Autobus Driver— Instructions.*

On a claim by the widow of an employee of a manufacturing company, on account of his death while driving an autobus belonging to the company, it appearing that deceased was at the time taking home a bandmaster who had been employed by the company to train a band organized by its employees, and who had on that evening come to the company's grounds to assist the band on the occasion of a picnic, *held* that it was a question for the jury whether deceased was injured in the course of his employment, the evidence showing that it was part of his duty to take the bandmaster home on his regular weekly visits to instruct the band, and that he "accepted" the driving of the car on the occasion of this extra visit as a part of his duty.                                                    p. 120

In view of the presumption of correctness, given by Code, Art. 101, Sec. 56, to the decision of the Industrial Accident Commission, for the purpose of appeal therefrom to the courts, and of the burden of proof imposed on the appellant, the court to which an appeal was taken from a decision in favor of the claimant was not justified in directing a verdict for the appellant on the ground that it had successfully borne the burden thus imposed.                                                    p. 121

The statute (Code, Art. 101, Sec. 32) characterizing the operation of motor vehicles as extra-hazardous, an injury to one employed to drive an autobus, as the result of a collision with a safety gate at a railroad crossing, must be regarded as an injury which arose out of his employment.                                                    p. 121

The validity of the claim not being contingent upon the existence of negligence on the part of the husband's employer in providing him with a safe car in which to render the service for which he was employed, and the risks of his occupation, which made it extra-hazardous, not being confined to those arising from conditions over which his employer had exclusive control, it was proper to refuse an instruction that if the accident occurred while the autobus was being driven by deceased on the public highway, and was caused by a collision with a railroad safety gate, neither the highway nor the gate being under the employer's control, and the injury was not caused by any defect in the autobus, the verdict must be for the employer.
p. 122

There being no evidence to support a finding that the injury resulted from a hazard common to the public and was not fairly traceable to the employment of deceased, it was proper to reject a prayer that the employer was entitled to a verdict if the injury occurred in the course of the employment, but resulted from a hazard to which the driver of the autobus, "in common with other members of the public, was equally exposed apart from his employment," and the injury "could not fairly be traced to his employment as a contributing proximate cause apart from the usual risks of travel on the public road." p. 122

In the absence of evidence legally sufficient to show that there was no causal relation between the employment and the injury, it was proper to refuse a prayer that, in order that the injury may be found to have arisen out of the employment, it must appear that there was a "causal connection between the conditions under which the work was required to be performed and the resulting injury." p. 123

*Decided November 17th, 1920.*

Appeal from the Superior Court of Baltimore City (DUFFY, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Vernon Cook* and *George Ross Veazey,* for the appellant.

*Daniel S. Sullivan,* with whom was *Laban Sparks* on the brief, for the appellee.

URNER, J., delivered the opinion of the court.

The Thistle Mills, Incorporated, appeals from a judgment of the Superior Court of Baltimore City affirming an award of the State Industrial Accident Commission in favor of the widow of John P. Lynch, who was fatally injured while driving an autobus belonging to the appellant and intended for the transportation of its employees. In opposition to the award it is contended that Lynch was employed to operate the autobus only for the purpose just mentioned, and that on the occasion of the accident he was not engaged in that service, and therefore his injury did not arise "out of and in the course of the employment" within the terms of the Workmen's Compensation Law. This theory was presented at the trial below in the form of prayers which were rejected and which are set forth in the only bill of exceptions in the record. No evidence was offered upon any controverted issue in addition to that produced before the State Industrial Accident Commission.

The accident occurred at night while the autobus was being used by Lynch for the purpose of taking home a musician who had been engaged by the appellant to train a band which its employees had organized. As the autobus was being driven toward a railroad crossing from a road parallel with the track, it collided with the end of a lowered safety gate, and Lynch sustained the injury from which he shortly afterwards died.

When the appellant employed the band-instructor, it was agreed that he should be furnished transportation to his home on the occasions of his visits to the plant in that capacity. It was his custom to instruct the band every Thursday night,

but the visit from which he was returning at the time of the accident was on Friday night and was the second one in that week. He had come on that occasion for the purpose of assisting the band at a picnic which was being held on the appellant's grounds. According to his testimony, he was not limited to one visit a week under the terms of his engagement. He was paid by the appellant for the visit made on the night of the accident. The proof shows that it was part of Lynch's duty to take the bandmaster home in the autobus. The appellant's manager testified that nothing was said to Lynch about the use of the car on the night of the accident, but that he "accepted it" as a part of the duty to which he had been assigned. In its report of the accident to the State Industrial Accident Commission, the appellant stated that Lynch was injured in the course of his employment. The contention to the contrary is based upon the theory that the bandmaster was in fact employed to serve on a single night each week, at which time alone it was Lynch's duty to take him home, and that the injury to Lynch was not sustained in the course of his employment, because it occurred when he was not performing his specified duty. The court below submitted this theory to the jury by an instruction granted at the appellant's request, but its refusal to rule as a matter of law that the accident did not occur in the course of the employment of the injured man, as proposed by the appellant's second prayer, was entirely proper.

It was further urged that even if the injury should be considered to have occurred *in the course of* Lynch's employment, yet it must be held not to have *arisen out of* his employment, within the meaning of the Workmen's Compensation Law, because it "could not fairly be traced to his employment as a contributing proximate cause apart from the usual risks of driving on the public road." On this ground the appellant's first and third prayers sought to have the case withdrawn from the jury.

In view of the effect, as to presumptive correctness, given
by the statute to the decisions of the State Industrial Acci-
dent Commission, and of the burden of proof placed upon the
appellant in such cases (Code, Art. 101, Sec. 56), the court
below would not have been justified in directing a verdict for
the appellant on the ground that it had successfully borne the
burden thus imposed. *Jewel Tea Co.* v. *Weber,* 132 Md.
178; *Coastwise Shipbuilding Co.* v. *Tolson,* 132 Md. 203;
*Beasman* v. *Butler,* 133 Md. 382; *Harrison* v. *Central Con.
Co.,* 135 Md. 170. But in our opinion the evidence does not
support the conclusion to which the appellant's first and third
prayers were directed. Upon the theory, which the jury
adopted, that Lynch was injured in the course of his employ-
ment as an autobus driver, and there being no dispute as to
the circumstances of the accident, which were such as to bring
it within the class of hazards incident to the operation of
motor vehicles, the inference that the injury *arose out of* his
employment is not merely permissible but it would appear to
be necessary. By the Workmen's Compensation Act the
operation of motor vehicles is characterized as extra hazar-
dous. Code, Art. 101, Sec. 32. In the case of *American Ice
Co.* v. *Fitzhugh,* 128 Md. 382, the Act was construed as ap-
plying also to the service of those employed as drivers of
horse-drawn vehicles. The injury to such an employee in
that case was occasioned by his fall from the wagon which
he was driving on one of the streets of Baltimore. In defin-
ing as extra-hazardous the operation of motor vehicles, the
Legislature must have had in mind the class of perils to
which the drivers of such vehicles are exposed, among which
is the danger of collision at night with unseen obstacles. If
such an injury as the one sustained in this case must be re-
garded as not having arisen out of the employment, it would
be difficult to determine what class of accidents to autobus
drivers could properly be held to have so originated. The
statutory definition as extra-hazardous of the specific service
being performed at the time of the injury relieves the present

question of any possible doubt.   The prayers which would have instructed the jury that the injury did not arise out of the employment were rightly refused.

The fourth prayer°of the appellant contained the proposition that if the accident was found to have occurred while the autobus was being driven on the public highway, and was caused by collision with a railroad safety gate, neither the highway nor the gate being under the appellant's control, and that the injury was not caused by any defect in the autobus, then the verdict should be for the appellant.   Such an instruction would have improperly limited the dependent widow's right to compensation.   The validity of her claim was not contingent upon the existence of negligence on the part of the employer of her husband in reference to providing him with a safe car in which to render the service for which he was employed, and the risks of his occupation, which made it extra-hazardous, were not confined to those arising from conditions over which his employer had exclusive control.

The fifth prayer offered by the appellant is the one heretofore referred to as having been granted.

The appellant's sixth prayer was to the effect that if the injury occurred in the course of the employment, but resulted from a hazard to which the driver of the autobus, "in common with other members of the public, was equally exposed apart from his employment," and the injury "could not fairly be traced to his employment as a contributing proximate cause apart from the usual risks of travel on the public road," then the appellant was entitled to a verdict in its favor.   The rejection of this prayer was proper since there was no evidence legally sufficient to support the suggested finding that the injury resulted from a hazard common to the public and was not fairly traceable to the employment under consideration.

The seventh and last prayer of the appellant, which was also refused, included the statement that in order for the injury to be found to have arisen out of the employment, it

must appear that there was a "causal connection between the conditions under which the work was required to be performed and the resulting injury." This instruction was open to the objection that there was no evidence legally sufficient to sustain its hypothesis that there was no causal relation between the employment and the injury for which the pending claim is preferred.

The two prayers offered by the appellee were not questioned in the argument. They correctly instructed the jury as to the issue to be decided by the verdict and as to the burden of proof.

*Judgment affirmed, with costs.*