---

## OKRZSEZS v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Third Department.  November 10, 1915.)

COMMERCE ⬥27—REGULATION—RAILROADS—WORKMEN'S COMPENSATION LAW —CONSTRUCTION.

    In view of Workmen's Compensation Law (Consol. Laws, c. 67) § 21, providing that in any proceeding for compensation it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provisions of the law, an award to a claimant who was employed in the state in the car shops of a railroad engaged in intrastate and interstate commerce, in the repair of a car which had been used both in interstate and intrastate commerce, with within the law, since the car was in no sense a part of interstate commerce.

    [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ⬥27.]

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Law by Frank Okrzsezs for compensation for personal injury, opposed by the Lehigh Valley Railroad Company, employer.  Compensation was awarded, and the employer appeals.  Award affirmed.

Argued before SMITH, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Benjamin F. La Rue, of New York City, for appellant.

Jeremiah F. Connor, of New York City, for Workmen's Compensation Commission.

Egburt E. Woodbury, Atty. Gen., for respondent.

WOODWARD, J.  The Lehigh Valley Railroad Company, a corporation operating an interstate commerce railroad, appeals from an award of the Workmen's Compensation Commission.  The only question here presented is whether the claimant, who was employed in the car shops of the railroad company in repairing car No. 67058, which car was used in the general traffic of the railroad, both intrastate and interstate, is within the purview of the laws of the state.  The railroad company urges that he comes within the interstate commerce law, and is therefore excluded from the compensation provided by the laws of this state.  We think the contention is not sound.

Section 21 of the Workmen's Compensation Law provides that in "any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary (1) that the claim comes within the provisions of this

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

chapter," etc. There is no evidence here that this claim does not come within the provisions of the law, unless it be the affidavit of an employé of the railroad company that this particular car had been used in domestic and interstate commerce prior and subsequent to this accident. The car at the time of the accident was in the shop of the Lehigh Valley Railroad Company at East Buffalo for repairs. It was for the time withdrawn from transportation duty and was placed in the machine shop for repairs. This machine shop is maintained and operated within the state of New York. If this shop were used in the construction of new cars, it would hardly be suggested that they were engaged in interstate commerce, in such a manner as to take employés out of the protection of the laws of this state, and no reason suggests itself why this old car, undergoing repairs, was in any sense a part of interstate commerce, in the sense necessary to bring it within the various acts of the United States governing such commerce. We think the award was within the purview of the statute, and should be affirmed.

The award appealed from should be affirmed. All concur.