# THE JEWEL TEA COMPANY

*vs.*

# MARY M. WEBER.

*State Industrial Accident Commission: appeals; presumptions.*
*Prayers: appeals; duty of court.*

On appeals from decisions of the State Industrial Accident
·Commission, the decision of the commission is to be treated as
*prima facie* correct, and the burden of proof is on the party
attacking the same.                                    p. 181

The questions of fact presented by the appeal to the court is
for the jury to determine upon proper instructions, and the
court is not authorized to say that the appellant has met the
burden imposed upon him, or to assume that a fact has been
found by the jury.                                    p. 182

On an appeal from a decision of the State Industrial Acci-
dent Commission, a burden of proof is on the appellant to show
that the decision is incorrect; it is for the jury to determine
the questions of fact presented by the appeal and, among them,
the question whether the injury sustained was received by the
plaintiff while in the course of his employment by the defendant.
                                                      p. 182

On appeal from the decisions of the Commission, the instruc-
tions should be confined to the issues of facts to be decided by
the jury.                                             p. 183

The court has no power to assume any facts when the onus
of proving the same rests upon the party asking the instruc-
tion, no matter how strong and convincing his proof may be.
                                                      p. 182

*Decided January 16th, 1918*

Appeal from the Circuit Court for Howard County. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Edward M. Hammond,* for the appellant.

*James Clark* (with whom were *William Colton* and *Philip Sachs,* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

Frank J. Weber, in March, 1916, was employed by the Jewel Tea Company, a corporation, as driver and salesman. As such driver and salesman, he had charge of a "team of mules and a wagon," and his duties were to drive through the country, along a designated route, and to take orders for and deliver goods and merchandise for the company. On the 11th of March, 1916, Weber and Harry F. Ferguson, another driver and salesman of the company, were together, and at the end of the day's work they drove the wagon to a stable in Savage, Maryland. According to the testimony of Ferguson, after the hostler put the mules in the stable and hung the harness up, he (Ferguson) went into the stable and saw Weber in another part of the stable "doubled over," and when he asked him how it had happened Weber told him that the hostler had thrown the harness on the hook and that when he went in the stable to fix it one of the mules kicked him. Weber was taken home that evening and placed under the care of a physician, to whom he stated that the mule had kicked him in the stomach. About two weeks later he was taken to a hosptial and operated on for appendicitis, and died on April 12th from "general peritonitis following an acute attack of appendicitis," which, according to the testi-

mony of the doctor who attended and operated on him, was caused by the kick he received.

Mary M. Weber, the widow of the deceased, filed a claim for compensation under the provisions of the Workmen's Compensation Law. The claim was resisted by the company, and a great deal of testimony was produced by it before the State Industrial Accident Commission for the purpose of showing, (1) that the attack of appendicitis of which Weber died was not caused by the kick, and (2) that at the time he was injured he was not acting within the scope of his employment by the company. The Commission, however, found that Weber was injured while in the employ of the company; "that as a result of said injury he died on the 12th of April, 1916, and that said injury arose out of and in the course of his employment," and awarded his widow compensation to the amount of $7.50 per week for the period of seven years and forty-seven and a half weeks.

From the order of the Commission the company appealed to the Circuit Court for Howard County. The case was tried in that Court by a jury on the evidence produced before the Commission. After the evidence was read to the jury, the company (the appellant in the Court below) offered four prayers, and the claimant (the appellee in the Court below) offered one prayer. The appellant's first and second prayers sought to withdraw the case from the jury on the ground that the appellee had offered no evidence legally sufficient to entitle her to recover, and on the further ground that there was no evidence in the case legally sufficient to show that the injury received by Weber "was received by him while he was acting within the scope of his employment." By the appellant's third prayer, the Court was asked to instruct the jury that the burden of proof was on the appellee to show "that when Weber was injured he was acting within the scope of his employment," and its fourth prayer instructed the jury that unless they found "that the appendicitis from which Weber died was the result of the mule kick complained of in

the evidence," their verdict should be for the appellant. The Court below rejected the appellant's first, second and third prayers and granted its fourth prayer, and also granted the prayer of the appellee which instructed the jury that the burden was on the appellant to prove that the decision of the State Industrial Accident Commission was incorrect. The only exception in the case is to the granting of the appellee's prayer and the rejection of the appellant's first, second and third prayers. The verdict of the jury was in favor of the appellee, and this appeal is from the judgment of the Court below confirming the order of the Commission.

While counsel in the case have, with commendable industry, filed in this Court very full and carefully prepared briefs, the questions presented by the record are very narrow and are, we think, fully covered by the decisions of this Court.

In reference to the Company's third prayer, and the burden of proof in the trial of the case in the Court below, whatever may be the rule elsewhere, under statutes providing compensation for injured employees and their dependents, the Workmen's Compensation Law of this State expressly declares that on appeal from the decision of the State Industrial Accident Commission the decision of the Commission shall be treated as *prima facie* correct, and that the "burden of proof shall be upon the party attacking the same." In the case of *Frazier* v. *Leas,* 127 Md. 572, JUDGE BURKE said: "The Legislature has made the decision of the Commission *prima facie* correct, but has provided that it may be attacked upon the grounds stated in the Act, and where the proof is insufficient (sufficient) to establish the incorrectness of the decision it may 'be reversed or modified.' Upon any issue of fact involved the appellant is given the valuable right of trial by jury, and a full opportunity to be heard." In the case of *American Ice Co.* v. *Fitzhugh,* 128 Md. 382, where we held that the right to open and close followed the burden of proof, and that on appeal from a decision of the Commission the appellant had a right to "open and close the evi-

dence and arguments," the Court said: "By the express
terms of the statute the burden is placed upon the appellant
to show error in the decision of the Commission, which must
be taken on appeal as *prima facie* correct." In the case at
bar one of the questions of fact to be determined on appeal
was whether the injury sustained by the deceased arose "out
of and in the course of his employment" by the company,
and, as the Commission had decided that question in the
affirmative, under the provision of the Act and the decisions
of this Court the burden was on the appellant to show that
the decision was wrong and that such injury did not arise
out of and in the course of such employment.

As the case was tried by a jury, with the burden on the
appellant to show that the decision of the Commission was
incorrect, it was for the jury to determine the questions of
fact presented by the appeal and, among them, the question
whether the injury sustained by the deceased arose out of
and in the course of his employment by the appellant; and
the Court was not authorized to say that the appellant had
met the burden imposed on it, or to assume a fact to be
found by the jury. In the case of *Western Md. R. Co.* v.
*Kehoe,* 86 Md. 54, the Court said: "The Court can not
decide between opposing witnesses. The jury must deter-
mine questions of fact, and, as said in *Charleston Insurance
Co.* v. *Corner,* 2 Gill, 427, 'No action of the Court should
control the exercise of their admitted right to weigh the
credibility of evidence.'" In *B. & O. R. Co.* v. *Hendricks,*
104 Md. 76, CHIEF JUDGE McSHERRY said: "There is no
principle better established than that which denies to the
Court the right of assuming any fact, in aid of a prayer, when
the *onus* of proving such fact rests upon the party asking the
instruction, no matter how strong and convincing his proof
on the subject may be." In the case of *Calvert Bank* v. *Katz,*
102 Md. 56, JUDGE JONES, speaking for the Court, said:
"Doubtless, the jury would have found these facts according
to the testimony, but the sufficiency of the evidence to satisfy

the jury, or the circumstance that it was all on one side, does authorize the Court to direct the jury that it proves the fact"; and in the case of *Lemp Brewing Co.* vs. *Mantz,* 120 Md. 176, the Court said: "With that burden on the plaintiff, the claimant, the case at bar could not, at the instances of the plaintiff, have been withdrawn from the jury, for although the evidence adduced by the plaintiff was practically uncontradicted, the rule in this State is that the Court can not assume the existence of facts and take away from the jury the finding of the same."

The settled rule in such cases as to the burden of proof, and the established principle applicable to withdrawing a case from the jury, required the jury to decide the questions of fact presented by the appeal in this case, and the Court below properly refused to grant the first, second and third prayers of the appellant.

As the principle referred to applies even where the evidence adduced by the party upon whom the burden of proof rests is practically uncontradicted, it is not necessary to consider the effect of the testimony of Mrs. Weber that the deceased, who had been employed by the appellant from October, 1915, as driver and salesman, had charge of the wagon, and that his duties required him to look after the mules.

No objection was made in the oral arguments, or pointed out in the briefs of the appellant, to the *form* of the appellee's prayer. While it states a correct legal proposition, and could not have misled the jury in this case, we can not approve the form adopted. Prayers should instruct the jury in regard to the law applicable to certain facts to be found by them. An appeal from a decision of the Commission may present questions of law as well as questions of fact, and an instruction as to the burden of proof should be confined to the issues of fact to be decided by the jury.

*Judgment affirmed, with costs to the appellee.*