F. B. BEASMAN & COMPANY, Employer, and
UNITED STATES FIDELITY & GUAR-
ANTEE COMPANY, Insurer,

*vs.*

ERNEST BUTLER.

*State Industrial Accident Commission: decisions prima facie
correct.   Appeals: prayers taking case from jury; negli-
gence of claimant.   Lumber camps: hazardous em-
ployment; question for jury; claimant
boarding rapidly moving
motor truck.*

In all Court proceedings, the decisions of the State Indus-
trial Accident Commission are to be taken as *prima facie* cor-
rect, and the burden is on the party attacking the same.  p. 384

On appeal from the findings of the Commission, it is for the
jury to determine the questions of fact presented, including the
question whether the injury complained of arose out of and in
the course of the employment of the injured man by the defend-
ant; in such an appeal, the court is not authorized to rule that
the appellant has met the burden imposed on him, or to assume a
fact which was to be found by the jury.                  p. 385

Where the claimant was injured at the site of a camp where
he was employed and while going to work from the quarters
provided by his employer, along a road made for camp pur-
poses, and   the injury was inflicted by a motor truck of the
employer carrying men to their places of work on the grounds,
whether the accident arose out of and in the course of employ-

ment is a fact which the defendant on an appeal from the finding of the Commission is not entitled to have withdrawn from the jury, on the theory that a defendant had met the burden of proving the contrary.                                p. 386

The question of whether the employment was an extra-hazardous one, within the meaning of the statute, is an issue which on appeal must be submitted to the jury.                p. 387

Where it appeared that the claimant was injured while attempting to climb upon his employer's rapidly moving motor truck, his action is not such "willful misconduct" as to prevent his recovery under the statute, or to authorize a prayer for a directed verdict against him.                        p. 388

*Decided December 10th, 1918.*

Appeal from the Superior Court of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Guion Miller* (with a brief by *Bartlett, Poe & Claggett*), for the appellants.

*Charles W. Main* submitted a brief for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee, Ernest Butler, was employed as a day laborer by F. B. Beasman & Co., contractors, in the work of clearing ground for the United States military cantonment known as Camp Meade. While Butler was on his way from the sleeping quarters provided by the contractors to begin work at the

place to which he was assigned, his left foot was run over and partly crushed by the wheel of a passing motor truck. The State Industrial Accident Commission, upon application of the injured man for compensation, and after due hearing, decided that the injury arose out of and in the course of Butler's employment, and directed weekly payments of specified amounts to be made to him, by his employers and the United States Fidelity & Guaranty Company as their insurer, for the period and according to the rates prescribed by statute. On appeal by the employers and insurer to the Superior Court of Baltimore City, the award to the claimant was confirmed as the result of the verdict of a jury in his favor. A further appeal, as permitted by law, has brought the case to this Court.

The appellants complain, in part, of the refusal by the Superior Court to grant a prayer by which they proposed to have the jury instructed that there was no evidence in the case legally sufficient to prove that the appellee sustained personal injury through an accident "arising out of and in the course of his employment." Such an instruction could not properly have been granted under the circumstances of this case in view of the statutory rule relating to the burden of proof in such cases, as construed and applied by this Court in recent decisions. It is provided by the Workmen's Compensation Law that in all Court proceedings which it authorizes the decision of the State Industrial Accident Commission "shall be prima facie correct and the burden of proof shall be upon the party attacking the same." Code, Art. 101, sec. 56. In *Jewel Tea Co.* v. *Weber,* 132 Md. 178, and in *Coastwise Shipbuilding Co.* v. *Tolson,* 132 Md. 203, where the question now under consideration was involved, the trial Court was asked to rule as a matter of law that the evidence was not legally sufficient to prove that the claimant's injury arose out of and in the course of his employment, this being one of the statutory conditions for his recovery of compensation, but it was held by this Court, in its

affirmance of the judgments appealed from, that as the burden was on the appellant to show that the finding of the Commission was incorrect, "it was for the jury to determine the questions of fact presented by the appeal and among them the question whether the injury sustained by the deceased arose out of and in the course of his employment," "and the Court was not authorized to say that the appellant had met the burden imposed on it or to assume a fact to be found by the jury."

In the *Weber case* the claim was made on account of the death of a man employed as a driver and salesman, to travel through the country with a team of mules and a wagon, taking orders for and delivering goods, and who was kicked and fatally injured by one of the mules as they were being placed in a stable at the end of a day's work. The claim in the *Tolson case* was by a shipyard laborer whose hand became infected as a result of being stung by an insect or pricked by some sharp object as he was in the act of lifting an old piece of piling from the sand in which it was partly imbedded. In each of those cases the question whether the accident arose out of and in the course of the employment had been decided in favor of the claimant by the State Industrial Accident Commission, and consequently the burden of proof, as provided by the statute, rested upon the party appealing from that determination. It was clear that the issues of fact there presented could not properly have been withdrawn from the jury at the instance of appellants charged with such a burden. The same ruling is required by the present record.

In this case there is evidence that the claimant was injured at the site of the camp where he was employed, and while going to work from the quarters provided by his employer, along a road made for camp purposes, and that the injury was inflicted by a motor-truck used by his employer in conveying men to their places of work on the grounds in process of being cleared. Whether the accident occurring under such circumstances arose out of and in the course of

the employment, was a question of fact which the appellants were not entitled to have withdrawn from the jury upon the theory that they had met the burden of proving the contrary.

The appellants also sought to have the jury instructed, in effect, that if they should find certain facts, which we have stated, as to the time and place of the accident, then the appellee's injury did not arise out of and in the course of his employment and he was not entitled to recover. This proposal to direct and control the inference to be drawn by the jury from the facts to which the prayer referred was properly refused.

Another instruction proposed by the appellant, and rejected by the Court below, was based upon the theory that there was no legally sufficient evidence that the appelle was engaged in an extra-hazardous employment, within the provisions of the statute, at the time he was injured. The work undertaken by the contractors who employed the appellee was to clear the timber off the land on which Camp Meade was to be located. The appellee testified that he had been engaged in cutting, piling and burning brush and clearing the land, and as already stated, that the motor truck which injured him was customarily used by his employers on the camp road over which he was going to his work. This evidence as to the nature and conditions of the appellee's service was before the State Industrial Accident Commission when they decided as to the validity of the appellee's claim under the Workmen's Compensation Act. Its decision necessarily involved a determination that his employment was extra-hazardous within the meaning of the statute, which, after specifying a large number of occupations as being subject to that characterization, declares that it is intended to apply to all extra-hazardous employments in addition to those which it enumerates. While the Act does not in terms mention the work of clearing timber from land, it designates the closely related work of lumbering as being extra-hazardous. The question whether the appellee's employment was of that

character, under all the circumstances, was an issue which he was entitled to have submitted to the jury, especially as the burden was upon the appellant to show that the finding of the Commission upon that point was erroneous.

There was evidence, adduced by the appellants, tending to prove that the accident on which the appellee bases his claim was the result of an unsuccessful effort which he is said to have made to climb on the side of the motor truck as it passed him on the roadway. Upon this testimony, which is in conflict with that of the appellee and others, the appellants asked the Court below to instruct the jury that if they found the appellee to have been injured while he was in the act of attempting to board a rapidly moving automobile truck, and if they found such act to have been manifestly dangerous, and not required by his duties or the interests of his employers, then such act constituted wilful misconduct which disentitled him to a verdict in his favor.

In the recent case of *Baltimore Car Foundry Co.* v. *Ruzicka,* 132 Md. 491, we had occasion to consider the statutory provision, here also relied upon in support of the prayer last mentioned, that no employee, or his dependents, should be entitled to an award under the Workmen's Compensation Act on account of any injury caused by his wilful misconduct. It was held in that case, upon the evidence, that the accident in which Ruzicka lost his life was the result of his own negligence in passing between two cars which were about to be moved, but that his act, while very imprudent, could not properly be described as "wilful misconduct" because it "lacked the element of deliberate impropriety which those words imply. It was a thoughtless and heedless act, but not a wilful breach of a positive rule of conduct or duty." As defined by one of the decisions quoted from in that case, the word "wilful" imports that "the misconduct was deliberate, not merely a thoughtless act on the spur of the moment." If the appellee in the case at bar in fact attempted to climb upon the side of the passing motor truck, which was moving at the rate of five or six

miles an hour, according to the testimony, his act was undoubtedly reckless. But it would not be proper to rule as a matter of law that his sudden and heedless effort to board the truck was "wilful misconduct" within the adjudicated meaning of those words, and to direct a verdict against him on that theory. By an appropriate instruction the question of "wilful misconduct" was submitted to the jury for their consideration. The prayer which would have required them to thus characterize the act referred to was properly rejected.

The only remaining question to be disposed of is raised by an exception to the refusal of the Court below to strike out certain testimony offered by the appellee in rebuttal, apparently for the purpose of showing that another accident resulting in an injury to a man's foot had occurred on a road at Camp Meade about the same time that the appellee was injured, and that the witnesses for the appellant, who had not definitely identified the appellee in describing the accident which they observed, must have had reference to the scene and circumstances of the other occurrence. There was no error in this ruling as the rebuttal testimony had some tendency to support the theory upon which it was introduced.

*Judgment affirmed, with costs.*