EVAN H. BELL

*vs.*

EGIL STEEN AND EDWIN S. STEEN, TRADING AS E.
STEEN & BROTHERS, AND U. S. FIDELITY AND
GUARANTY COMPANY.

*Workmen's Compensation—Course of Employment—Question
for Jury.*

Since, on appeal from a decision by the Industrial Accident
Commission, the burden of proof rests upon the party attacking
the decision, the question whether the injury arose out of and in
the course of employment was one of fact, for the jury to deter-
mine on appeal, and it was error to instruct the jury, the deci-
sion having been in favor of the claimant, that the uncontra-
dicted evidence showed the claimant not to be an employee of
the appellant firm.

*Decided January 11th, 1921.*

Appeal from the Superior Court of Baltimore City
(SOPER, C. J.).

The cause was argued before BOYD, C. J., BRISCOE,
PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*R. Lee Slingluff,* with whom were *Christopher R. Watten-
scheidt* and *Janney, Stuart & Ober* on the brief, for the
appellant.

*Guion Miller* and *J. Kemp Bartlett, Jr.,* with whom were
*Bartlett, Poe & Claggett* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the court.

Evan H. Bell, a carpenter by trade, filed a claim before
the State Industrial Accident Commission of Maryland, and
was awarded compensation for an injury received by him
while working for E. Steen & Brothers, grain merchants in
the City of Baltimore, and one of the appellees on the record
now before us.

It appears that the Industrial Accident Commission, after due notice to the employer and the U. S. Fidelity and Guaranty Company, insurer, investigated the claim and held

"that Evan H. Bell was injured on the 18th day of October, 1917, while in the employ of E. Steen & Brother; that his injuries consisted of laceration of nose, hip and fractured rib; that said injury arose out of and in the course of his employment; that his average weekly wage was 24 dollars; that he was temporarily totally incapacitated as a result of his injury; and the insurer of said employer is the U. S. Fidelity & Guaranty Co."

Thereupon, on the 13th day of December, 1917, it was ordered by the Commission that compensation at the rate of twelve dollars per week, payable weekly, be paid to Evan H. Bell by E. Steen & Brother, employer, and U. S. Fidelity & Guaranty Co., insurer, during the continuance of his disability, not to exceed, however, the period of time and aggregate amount as provided in Section 35 of Chapter 800, Acts of the General Assembly of Maryland of 1914, said compensation to begin as the 1st day of November, 1917, and that final receipt be filed with the Commission in due time.

Subsequently, upon application, the case was reopened, and a hearing was granted upon the question of whether the claimant was an employee of E. Steen & Brothers, or an independent contractor.

Thereafter, on the 26th of January, 1918, upon the rehearing the Commission affirmed the order previously passed by it and entered a final award against the parties, as follows:

"On the 13th day of December, 1917, this Commission passed an order awarding compensation to Evan H. Bell at the rate of $12 per week, payable weekly, during the continuance of his disability. Later the U. S. Fidelity & Guaranty Company, insurer, requested a hearing on motion to reopen and introduce evidence to determine whether claimant was an employee or an independent contractor. At said hear-

ing all parties were present and heard and, after due consideration, the Commission has come to the conclusion that the original order of December 13th, 1917, should be affirmed, and will pass an order to that effect.

"It is, therefore, this 26th day of January, 1918, by the State Industrial Accident Commission, ordered that the order of this Commission passed in this case on the 13th day of December, 1917, be and the same is hereby affirmed."

On January 31st, 1918, the employer and insurer appealed from the final award, and the record of proceedings before the Commission was transmitted to the Superior Court of Baltimore City for trial.

It appears that, upon the first trial, before the court and a jury on the 21st of May, 1919, the jury failed to agree and were discharged.

At the conclusion of the testimony on both sides, at the second trial, on March 24th, 1920, the appellants submitted the three following questions of fact to the jury for determination:

"(1) Was the appellee, Evan H. Bell, an employee of the appellants, E. Steen & Bros.?

"(2) Was the appellee, Evan H. Bell, a casual employee of the appellants, E. Steen & Bros.?" and

"(3) Was the appellee, Evan H. Bell, employed in a trade, business or occupation carried on by appellants, E. Steen & Bros. for pecuniary gain?"

Thereupon, it appears that the court below, at the instance of the appellants (the employers and the insurer), granted the following instruction to the jury:

"The jury are instructed that as it appears from the uncontradicted evidence in this case that the appellee, Evan H. Bell, was not a person engaged in the service of the appellant, Steen Bros., and was therefore not an employee within the meaning of the Work-

men's Compensation Act, the answer to the first ques-
tion should be: No."

It appears from the docket entries that the jury rendered
its verdict as instructed, viz:

"On the 24th of March, 1920, upon the first issue
presented the jury answer: 'No.'"

The record contains a single exception, and this brings up
for review the action and the ruling of the court in granting
the appellants' prayer, which instructed the jury that Evan
H. Bell was not an employee within the meaning of the
Workmen's Compensation Act, and that their answer to the
first question should be "No."

The question presented in this case is identical with that
recently passed upon by this Court in the recent case of
*Jewel Tea Company* v. *Weber,* 132 Md. 178, and unless we
are to overrule what was decided in that case, and approved
in *Beasman* v. *Butler,* 133 Md. 382, we must hold, in this
case, that the granting of the appellants' prayer was im-
proper, and reversible error.

In *Weber's case, supra,* this Court said: "In the case at
bar one of the questions of fact to be determined on appeal
was whether the injury sustained by the deceased, arose out
of and in the course of his employment by the company, and,
as the Commission had decided that question in the affirma-
tive, under the provision of the Act and the decisions of this
Court, the burden was on the appellant to show that the deci-
sion was wrong and that such injury did not arise out of
and in the course of such employment. As the case was tried
by a jury, with the burden on the appellant to show that the
decision of the Commission was incorrect, it was for the jury
to determine the questions of fact presented by the appeal
and, among them, the question, whether the injury sustained
by the deceased arose out of and in the course of his employ-
ment by the appellant; and the court was not authorized to
say that the appellant had met the burden imposed on it, or

to assume a fact to be found by the jury." *Coastwise Shipbuilding Co.* v. *Tolson,* 132 Md. 203; *Beasman* v. *Butler,* 133 Md. 382; *Lemp Brewing Co.* v. *Mantz,* 120 Md. 176; *Frazier* v. *Leas,* 127 Md. 572; *Schiller* v. *B. & O. R. R.,* ante, p. 235; *Code,* Art. 101, Sec. 56.

In the case at bar, the question whether the accident arose out of and in the course of the employment had been decided in favor of the claimant by the State Industrial Accident Commission and the burden of proof, as provided by the statute, rested upon the parties appealing from that decision, and attacking the same.

The question whether the injury arose out of and in the course of his employment was a question of fact, for the jury to determine on the appeal, "and the court was not authorized to say that the appellant had met the burden imposed on it, or to assume a fact to be found by the jury."

It is clear, therefore, for the reasons stated and upon the authorities cited, that the court below committed an error in granting the appellee's prayer, and for this reason the judgment must be reversed.

We find nothing in the case of *Harrison* v. *Central Constr. Corp.,* 135 Md. 170, relied upon by the appellees on this record, in conflict with our ruling in this case, nor in anyway overruling the former decisions of this Court in *Jewell Tea Co.* v. *Weber,* 132 Md. 178; *Coastwise Shipbuilding Co.* v. *Tolson,* 132 Md. 203; *Beasman* v. *Butler,* 133 Md. 382; *Thistle Mills* v. *Laban Sparks, ante,* p. 117.

While the record contains no order or judgment of the court below, reversing the award of the State Industrial Accident Commission, yet the appellant and appellees have treated the case in their briefs as if a judgment had been entered. We have assumed, therefore, that the proper judgment was entered by the court below and we have disposed of the case accordingly.

*Judgment reversed, with costs, and new trial awarded.*