# BALTIMORE DRY DOCKS & SHIPBUILDING COMPANY ET AL.

*vs.*

# EMMA V. HOFFMAN, CLAIMANT.

*Workmen's Compensation—Industrial Accident Commission—Jurisdiction—Questions for Jury.*

On the trial of an appeal from a ruling of the Industrial Accident Commission, disallowing a claim for the death of claimant's husband by drowning, on the ground that the case fell within the admiralty jurisdiction, *held* that it was proper to refuse a prayer offered by the defendant employer which constituted a demurrer to the evidence. p. 76

On the trial of an appeal from a ruling of the Industrial Accident Commission, disallowing a claim for the death of claimant's husband by drowning, *held* that it was proper to submit to the jury a question whether the deceased met his death as a result of an accidental personal injury arising out of and in the course of his employment. p. 77

It was proper to refuse to submit to the jury questions submitted by defendant employer, whether deceased came to his death by drowning, and whether the Industrial Accident Commission had jurisdiction to pass an award in favor of the claimant. p. 76

That the court allowed a witness to be asked whether the time of the claimant's decedent, employed as a watchman, in fighting fires on the water, was "the smaller part of the time," or "the largest part of the time," *held* not reversible error, as the subsequent testimony tended to support the theory on which the question was asked and upon which the answer was admitted. p. 78

*Decided January 9th, 1923.*

Appeal from the Superior Court of Baltimore City (DOBLER, J.).

Claim by Emma V. Hoffman against the Baltimore Dry Docks and Shipbuilding Company, employer, and the United States Fidelity and Guaranty Company, insurer. From a judgment in favor of claimant, reversing a finding of the State Industrial Accident Commission, said employer and insurer appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Kemp Bartlett, Jr.,* with whom were *Robert D. Bartlett* and *Bartlett, Poe & Claggett* on the brief, for the appellant.

*G. Tyler Smith* and *George Ross Veazey,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

On July 7th, 1921, Emma V. Hoffman, the widow of George H. Hoffman, of Baltimore City, filed a claim for compensation, under the provisions of the Workmen's Compensation Law of this State (Acts of 1914, 1916 and 1920), arising out of the death of her husband, resulting from an injury received, on the 21st day of June, 1921, while in the employ of the Baltimore Dry Docks and Shipbuilding Company, as watchman and fireman at Locust Point, Maryland.

The claim was filed with the State Industrial Accident Commission of Maryland, and on the 8th of July, 1921, notice was given by the commission to the Baltimore Dry Docks and Shipbuilding Company, the employer, and the United States Fidelity and Guaranty Company, the insurer, advising them that the claim would be considered by it, at their Baltimore office, on the 14th of July, 1921.

It appears that the employer and insurer appeared and contested the claim, on the grounds, as alleged in the record, first, because the accident did not come within the jurisdic-

tion of the State Accident Commission, and second, the accident having occurred from "S/S Lio" which was afloat, it therefore comes under admiralty jurisdiction, and third, upon such other and further grounds, both legal and equitable as may appear, at the trial.

At the hearing before the State Industrial Accident Commission, the first and second issues filed on behalf of the defendants (the employer and the insurer) were sustained, and the following order passed by the commission:

"It is, therefore, this 5th day of August, 1921, by the State Industrial Accident Commission, ordered that the claim of Emma V. Hoffman, widow of George H. Hoffman, deceased, filed in this case against the Baltimore Dry Docks & Shipbuilding Company, Employer, and the U. S. Fidelity & Guaranty Company, Insurer, be and the same is hereby disallowed.

"(Signed)
"Robert E. Lee,
"Joseph B. Harrington."

On the 2nd day of September, 1921, an appeal was taken by the claimant from the order of the commission, disallowing her claim, and the record of proceedings before the commission was transmitted to the Superior Court of Baltimore City for trial.

At the conclusion of the testimony on both sides, in the trial of the case before a jury, in the Superior Court of Baltimore City, the claimant submitted the following questions: (1) Did the deceased meet his death, as a result of an accidental personal injury arising out of and in the course of his employment? (2) Was the injury received in the jurisdiction of the State of Maryland and of the State Industrial Accident Commission?

The defendants submitted the following questions: (1) Did George H. Hoffman come to his death by drowning? and (2) Did the State Industrial Accident Commission have jurisdiction to pass an award in favor of the claimant in this case?

The defendants' first and second questions, and the claimant's second question, were refused, but the claimant's first question was granted and submitted to the jury.

To the submission of the first question to the jury, the defendants filed a special exception, on the grounds that, first, it does not submit the question of jurisdiction fairly to the jury; second, it is misleading and does not present the question of admiralty jurisdiction. And to the second question: the boundaries of the State of Maryland are immaterial and misleading.

This exception was overruled as to question one and sustained as to question two.

The action of the court in refusing to submit to the jury the defendants' first and second questions, and in submitting to the jury the claimant's first question, and in refusing the defendants' first and only prayer, constitute the defendants' second exception. There was no error in the ruling of the court refusing to grant the defendants' first prayer. This prayer was a demurrer to the evidence, and under the ruling of this Court in *Taylor* v. *Ramsay*, 139 Md. 113, it was properly refused. It asked the court to instruct the jury that, under the law applicable to the case, the award of the State Industrial Accident Commission must be confirmed.

We find no reversible error in the other rulings of the court set out in the second bill of exception.

The record of the hearing before the State Industrial Accident Commission was before the jury, containing the issues upon which the hearing was requested, and clearly presenting both the question of the jurisdiction of the State Industrial Accident Commission and the jurisdiction of the admiralty court.

In *Taylor* v. *Ramsay*, 139 Md. 122, it is said: "It is apparent from the decisions to which we have referred, that the question whether a particular case falls within the admiralty jurisdiction referred to is a mixed question of law and fact, and where that is the case the facts cannot be assumed at the instance of the party upon whom the burden rests to establish

them.   This rule is firmly established and has never been
departed from in this State." *Calvert Bank* v. *Katz*, 102 Md.
56; *Jewel Tea Co.* v. *Weber*, 132 Md. 182; *Bell* v. *Steen &
Bros.*, 137 Md. 388.

The undisputed evidence in the case showed that the de-
ceased met his death by drowning and while in the course of
his employment.   The report of the accident and the testi-
mony show that the accident occurred "while he was attempt-
ing to slide down the rope to put out fire on scow which was
standing by, lost grip on rope, and falling to water"; that
he was doing his regular work and met his death while in
the course of his employment.   The location of plant or place
of work where accident occurred was the South Plant of the
Baltimore Dry Docks and Shipbuilding Company, Baltimore
City.

The case was tried before the court and a jury, and it ap-
pears from the docket entries that, on the 9th of January,
1922, the jury rendered a verdict in favor of the plaintiff,
"Yes," that is, answering the claimant's question No. 1, in
the affirmative.

In this case, we think, it was clear that the issues of fact
as presented could not properly have been withdrawn from the
jury.

In *Beasman* v. *Butler*, 133 Md. 385, it is distinctly said
that whether the accident, occurring under such circum-
stances, arose out of and in the course of the employment,
was a question of fact, which the appellants were not entitled
to have withdrawn from the jury upon the theory that they
had met the burden of proving to the contrary.   See also
*Wooley* v. *Wickert Co.*, 118 Atl. Rep. 765.

In *Taylor* v. *Ramsay*, 139 Md. 113, it was held that
whether a particular case falls within the admiralty jurisdic-
tion referred to is a mixed question of law and fact, and
where that is the case, the facts cannot be assumed at the in-
stance of the party upon whom the burden rests to establish
them.   See *Erie R. R. Co.* v. *Welsh*, 242 U. S. 303.

The remaining question relates to the overruling of an objection to the following question, asked the witness Gardner. "Could you tell the court and jury whether in your opinion his time on the water, fighting fires on the water, would be the smaller part of the time, or be the largest part of the time?" The answer was, "It would be the smallest part of the time."

As the subsequent testimony in the case had a tendency to support the theory upon which the question was asked and upon which the testimony was admitted, we find no reversible error in the ruling set out in the first bill of exception.

Finding no reversible errors in the rulings of the court below, the judgment will be affirmed.

*Judgment affirmed, with costs.*