FRED A. CLEMENT *v.* CHARLES P. MINNING ET AL.
[No. 50, January Term, 1929.]

*Decided April 3rd, 1929.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Michael J. Manley,* with whom were *Harley, Wheltle & Webster* on the brief, for the appellant.

*Walter L. Clark* and *Roszel C. Thomsen,* for the appellees.

URNER, J., delivered the opinion of the Court.

The term "employment" is defined by the Workmen's Compensation Law of Maryland to mean only "a trade, business or occupation carried on by the employer for pecuniary gain." Code, art. 101, sec. 65. The appellant was accidentally injured while working as a painter employed by the appellee on his residence then being constructed. At the trial of an appeal to the Baltimore City Court from the rejection by the State Industrial Accident Commission of the appellant's claim for compensation, the evidence was held to

be legally insufficient to prove that the appellee was conducting, as a trade, business or occupation for his pecuniary gain, the building project in the course of which the appellant received his injury. An instruction to the jury to that effect is the subject of the only exception reserved for consideration on this appeal.

The appellee is the president of the Cinder Block Corporation, and his residence was built with cinder blocks which the corporation manufactured. The house was erected for the appellee's use as a home, and has been occupied by him since its completion. It is located upon ground which he bought individually, and he paid for its construction with his own funds. The work was not done under a general building contract, but by mechanics whom the appellee employed. It is the only building project which he appears to have undertaken. After the home was finished the Cinder Block Corporation published in the Baltimore Sun an advertisement picturing and describing the residence, designating it the "Cinder Block Exhibit House," commending its various new features, and its economies, comforts and conveniences, as incident to the use of cinder blocks in its construction, and inviting the public to visit and inspect it during a specified five-day period. It was stated in the advertisement that the house belonged to the appellee and was not for sale.

The appellee's purpose in using cinder blocks in the building of his home was evidently and admittedly to promote the business of the corporation of which he was president, by demonstrating the advantages, and thereby stimulating the sale, of its product. But the erection of the dwelling was not a "trade, business or occupation" which the appellee "carried on" either individually or as an official of his company. The only business in which he appears to have been interested in either capacity, with a view to pecuniary gain, was the manufacture and sale of cinder blocks. The fact that he bought and used, for his own dwelling, some of the material produced by the corporation, of which he was part owner and chief executive, is not sufficient to

impress upon his single and private building project the character of a vocation. As a stockholder of the corporation he may have been benefited by its advertisement of his house as an illustration of the desirability of cinder blocks for building purposes. But any pecuniary gain thus derived would be attributable to the prosecution of the corporate enterprise. It would not convert into a gainful trade, business or occupation of the appellee such an undertaking as the building of his home.

In the case of *Kelso v. Rice*, 146 Md. 276, cited for the appellant, the service of the employee at the time of his injury, while different from that for which he was primarily employed, was being rendered in pursuance of a principal employment which was unquestionably within the provisions of the Workmen's Compensation Act, because it was involved in an extra-hazardous business conducted for pecuniary gain by the employer. The work of the appellant for the appellee in this case was not incidental to any other service for which he had been employed. It related solely to a home building project of the employer which could not properly be characterized as his trade, business or occupation. *Marsh v. Groner*, 258 Pa. 473; *Alabach v. Industrial Commission*, 291 Ill. 338.

It was argued that the amount which the appellee saved in the cost of his dwelling by the direct purchase of material and employment of mechanics, thus eliminating a general contractor's profit, was such a pecuniary gain as to bring the case within the operation of the Workmen's Compensation Law. This argument, if valid, would apply equally to any case in which a dwelling is built by the owner individually by a method designed to reduce the cost of the construction. But the saving thus effected would not be such a pecuniary gain as the statute has in view, unless the erection of the building was in the course of a trade, business, or occupation in which the owner was engaged.

Prior to the erection of his home, the appellee applied for insurance against any damages which might be claimed by his employees. The policy issued to him obligated the insurer to pay the claims of persons entitled "under the

Workmen's Compensation Law," and to indemnify him "against loss by reason of the liability imposed upon him by law" on account of injuries sustained by his employees during the progress of the work. The application for the policy and its issuance could not be given the effect of supporting the claim here asserted. The insurance was obtained, as a measure of precaution, to protect the appellant against any liability to which he might be subject under the Workmen's Compensation Act or otherwise by law. It could not extend the scope of the act or create, as between the insured and his employees, a liability which the law did not impose.

The instruction to the jury in this case is said to have disregarded the rule that a verdict may be directed in Workmen's Compensation cases only when there is no dispute either as to the facts or as to the inferences of which they reasonably admit. *Hygeia Ice and Coal Co. v. Schaeffer,* 152 Md. 231; *Bogatsky v. Swerdlin,* 152 Md. 18; *Todd v. Easton Furniture Co.,* 147 Md. 355; *Balto. Dry Docks v. Hoffman,* 142 Md. 73. The ruling here excepted to was in accord with the *prima facie* correctness which the statute attributes to the order of the Industrial Accident Commission disallowing the claim for compensation. The verdict was not directed in favor of the appealing party upon whom rested the burden of proof. *Jewel Tea Co. v. Weber,* 132 Md. 183; *Coastwise Shipbldg. Co. v. Tolson,* 132 Md. 203; *Beasman & Co. v. Butler,* 133 Md. 382; *Thistle Mills v. Sparks,* 137 Md. 117; *Bell v. Steen,* 137 Md. 388; *Taylor v. Robert Ramsay Co.,* 139 Md. 113. Moreover, in our opinion, the ruling was consistent with the principle invoked, because there was no legally sufficient ground, upon the undisputed facts, for the inference that the appellee, in building his home, was carrying on a trade, business or occupation for pecuniary gain. While it is our duty to give the statute a liberal interpretation, to effectuate its remedial purposes, we have no authority to apply it beyond the limits which it has prescribed.

*Judgment affirmed, with costs.*