## C. H. NELSON, JR., *v.* LANCELOT JACQUES, SR., ET AL.
### [No. 55, October Term, 1930.]

*Decided January 14th, 1931.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Sloan, JJ.

*R. D. Bowers,* for the appellant.

*Chas. W. Wolf,* submitting on brief, for the appellees.

Pattison, J., delivered the opinion of the Court.

C. H. Nelson, Jr., the appellant, brought suit against Lancelot Jacques, Sr., and Alice B. Jacques, his wife, the appellees, upon a promissory note executed and delivered by them to Nelson-Bullock-Klingensmith, Inc., for the sum of $8,800, dated March 5th, 1925, payable in three years thereafter, which by assignment became the property of the appellant, who at the time of its execution and at the time of the trial was the president of the Nelson-Bullock-Klingensmith Company.

In addition to the general issue pleas, the appellees filed other pleas by which the defense was made that, in the transaction for the sale of certain real estate in Florida, by the

Nelson-Bullock-Klingensmith Company to the appellee, Lancelot Jacques, Sr., in which the note sued on was given in part payment of the purchase money therefor, the said company agreed to purchase from the appellee, Lancelot Jacques, Sr., three lots of land at the price therein named, which agreement "formed a part of the consideration for the sale of the said real estate * * * to Lancelot Jacques, Sr.," and, although he was at all times ready and willing to convey the lots of said company or its assigns, it refused to purchase them and thereby comply with the terms of said agreement, in consequence of which he suffered loss and damage, which, as claimed by him, he was entitled to recoup against the indebtedness evidenced by the note.

In the trial of the case, the defendants produced in evidence the written memorandum of sale for said real estate, and in it is found the following clause: "To consummate this deal, we agree to buy of L. Jacques (3) Riverside Park Front Lots in Titusville, adjoining this tract for $3,000 each, cash in 60 days."

It was then shown by the evidence of Lancelot Jacques that, although a deed conveying these three lots was tendered to the appellant, the president of the company, and the then holder of the note, he refused to accept the deed and comply with the agreement contained in the memorandum of sale to purchase these lots, and he ever thereafter refused to comply therewith. The lots were afterwards, in January, 1926, sold by Jacques, with other land owned by him, for $500 each. Of the purchase money of $5,700 for the real estate mentioned, all was paid except the amount of the note sued on.

At the conclusion of the evidence, the plaintiff offered ten prayers and the defendant four, but all were rejected. In lieu thereof, the court prepared an instruction, and stated to the parties that, if either of them objected to it, he would submit the case to the jury without instructions. No objection was made or exception taken thereto by either of them, so far as the record discloses, and the case was submitted to the jury upon this instruction of the court.

· The prayers offered by the defendants do not appear in the record, and only two of the appellant's, his first and second prayers, are found therein, both of which asked for a directed verdict for the plaintiff.

The trial resulted in a verdict for the defendants, upon which a judgment for costs was entered in their favor. It is from that judgment that this appeal is taken. It is only on the rulings of the court in rejecting the first and second prayers of the plaintiff that the case comes to this court.

By the plaintiff's first prayer the court was asked to instruct the jury "that under the evidence in this case no defense has been made by the defendant, Alice B. Jacques, to the cause of action alleged in plaintiff's declaration and your verdict must be for the plaintiff and against the said defendant, Alice B. Jacques, for the amount of the principal and interest sued for by plaintiff," etc. In addition to what may be said against this prayer as violative of the rule against a directed verdict for the plaintiff, it was properly rejected on other grounds. It is predicated upon the theory that, inasmuch as Alice B. Jacques, who signed the note as security for her husband, was not a party to the contract, her liability to pay the full amount of the note, with accrued interest, could not be lessened by any loss or damage to her husband caused by the plaintiff's breach of the agreement to purchase the lots mentioned. We know of no principle of law upon which this contention may be properly based. The note was given in part consideration of the amount to be paid by Lancelot · Jacques for the real estate sold to him by the Nelson-Bullock-Klingensmith Company. Alice B. Jacques was upon the note as security for her husband, and her liability as such was not in excess of what should be found owing by him thereon, and consequently any and all credits upon said indebtedness to which the husband was entitled because of the loss or damage suffered by him resulting from the company's noncompliance with said agreement would likewise accrue to the benefit of the wife as security upon the note. We therefore can discover no legal justification for the entry of a judgment against her alone, as asked for by this prayer.

The court was asked by the plaintiff's second prayer to instruct the jury "that the evidence fails to show that the defendants suffered any damage by reason of the alleged failure of the Nelson-Bullock-Klingensmith Co. to perform its contract of February 5th, 1925, and your verdict must be for the plaintiff." It will be observed that this prayer is not in the form of a demurrer to the evidence, where the court is asked for an instruction that there is no legally sufficient evidence to be submitted to the jury, for here the court is asked to instruct the jury that the evidence fails to show that the defendant suffered any damage by reason of the alleged failure of the company to perform its contract, and directs a verdict for the plaintiff. The effect of which is to have the court pass upon the weight of the evidence as to the question of damages claimed to have been suffered by the defendant because of the plaintiff's breach in not complying with the above-mentioned agreement, a question upon which depended the ultimate decision to be made by the jury as to the amount, if any, owing by the defendant upon the note sued on, after deduction for damages, if any, by way of recoupment. This would have been a clear usurpation by the court of the functions of the jury, and is not permitted under the decisions of this court. *Charleston Ins. Co. v. Corner*, 2 Gill, page 426; *Boyd v. McCann*, 10 Md. 118; *Calvert Bank v. Katz*, 102 Md., page 60, 61 A. 411. The prayer is also objectionable in that it violates the rule against directed verdicts for the plaintiff. *Charleston Ins. Co. v. Corner, supra; Boyd v. McCann, supra; Sloan v. Allegheny Co.,* 91 Md. 501, 46 A. 1003; *Calvert Bank v. Katz, supra; Lemp Brewing Co. v. Mantz,* 120 Md. 180, 87 A. 814, and other cases.

As we find no errors in the rulings of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*