# PENNSYLVANIA RAILROAD COMPANY *v.* FANNIE L. STALLINGS.

## [No. 66, October Term, 1933.]

*Decided January 11th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Charles T. LeViness,* 3rd, with whom were *Adams & Hargest* on the brief, for the appellant.

*H. Harry Rosenberg,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Superior Court of Baltimore City, reversing the finding of the State Industrial Accident Commission disallowing a claim for death benefits under the Workmen's Compensation Law.

The claimant is the widow of Harry C. Stallings. He was a car inspector employed by the Pennsylvania Railroad Company at Canton Yards in Baltimore City. The only issue submitted to the jury was: "Was Harry C. Stallings, now deceased, engaged in interstate commerce at the time of his injury on February 11th, 1931?"

It does not appear from the record that any one saw the accident. The evidence of it consists of statements made by Stallings to his wife and to William V. Miller, assistant yardman of the railroad company. While at the hospital he told Miller that he fell while examining the roof of a car at 8.25 in the morning, which he said was the second car from the upper end of track No. 6. Miller testified that he went to the car and got the number, 52208. This examination could not have been before the afternoon of the day of the accident, as he did not see Stallings until the afternoon or evening. The witness said the car was loaded with feed and was consigned to Lancaster, Pennsylvania, but did not know to whom; that he obtained information as to the load-

ing and destination of the car from the agent at Canton; "I went to the agent's office and determined this from the billings"; that there was twenty-one cars in the train; that it is the custom to inspect cars before they are loaded; that there was no particular reason to inspect the car after it was loaded; that at 8.25 in the morning the cars on No. 6 track would be inbound cars. The head bill clerk, at the request of the defendant, produced a list of cars that were loaded and forwarded on February 11th, 1931, which does not contain a car numbered 52208; he said that car was an outbound car and had been previously loaded; that he knew this from the records of the company. But he did not produce any record of that car. On cross-examination he was asked if he referred to the records to ascertain with what car No. 52208 was loaded and its destination, and his answer was, "I haven't got the records with me." Question: Did you examine the records?" Answer: "Of this particular car, No, Sir."

The only question raised by this appeal is the correctness of the ruling of the trial court in refusing defendant's three demurrer prayers, A, B, and C. Prayer A asked for an instruction "that the uncontradicted evidence in this case is that the injured employee at the time of his injury was engaged in interstate commerce, and, therefore, the answer of the jury to the issue must be yes." Prayer B asked for a directed verdict on the ground that there was no legally sufficient evidence to show that he was not engaged in interstate commerce. Prayer C was practically the same as Prayer B.

The court granted several prayers at the instance of the defendant, upon which it is not necessary for us to pass.

We find no error in the refusal of the demurrer prayers.

It is stated by appellant in its brief that the general nature of Stallings' work the day of his injury was the inspection of cars loaded and consigned for interstate shipment, but there is not a particle of evidence in the record to support this statement, even if that would have been conclusive, which we do not decide. The particular car which it was said

he was inspecting was not in the list of cars with out of state designation, and there is no evidence that he inspected any of them. The only evidence as to his employment on the day of the accident was in connection with car No. 52208. Appellant also contends that the evidence of decedent's employment in inspecting a car designated for interstate commerce was uncontradicted, that the burden of proof was upon claimant to show that decedent was not engaged in interstate commerce, and therefore the case should have been withdrawn from the jury.

Section 64 of article 101 of the Code provides that, in any proceeding for the enforcement of a claim for compensation, it shall be presumed, in the absence of substantial evidence to the contrary, that the claim comes within the provision of the article. In *Schneider's Workmen's Compensation Law* (2nd Ed.), vol. 2, sec. 537, it is said: "The burden of proving that the claimant was engaged in interstate commerce at the time of the accident rests upon the employer when he seeks to defeat a claim for compensation on this ground." To the same effect, see *Atchison, Topeka & Santa Fe Railway Co. v. Industrial Commission,* 290 Ill. 590, 593, 125 N. E. 380; *Knorr v. Central R. Co. of N. J.,* 268 Pa. 172, 176, 110 A. 797 (in which cases writs of *certiorari* were denied by the Supreme Court in 252 U. S. 583, 40 S. Ct. 393, 64 L. Ed. 728, and 254 U. S. 644, 41 S. Ct. 15, 65 L. Ed. 454, respectively); *Okrzesz v. Lehigh Valley R. Co.,* 170 App. Div. 15, 155 N. Y. S. 919.

And since Acts 1931, c. 406, it cannot be said that the burden of proof is shifted on appeal from the commission. The burden is still upon the appellant to show that the commission has erred. But, as we said in *Schemmel v. Gatch & Sons Contracting & Building Co.,* 164 Md. 671, 674, 166 A. 39, 40, in which Judge Offutt delivered the opinion: "The 'burden of proof' provision of the statute cannot mean the same thing when applied to the amended statute as when applied to the original statute, for there can be no burden of proof without the privilege of adducing proof." It would seem

that now the burden of proof provision can mean nothing more than that, if the mind of the appellate tribunal is in equal balance on the evidence contained in the record, the finding of the commission should be affirmed. Nor is it true that the court can say as a matter of law that one upon whom the burden rests has discharged that burden merely because testimony offered by him has not been contradicted. To so hold would be to override the decisions in a long line of cases that the jury has the right to disbelieve a witness even when uncontradicted. *Lemp Brewing Co. v. Mantz,* 120 Md. 176, 87 A. 814; *Charleston Ins. Co. v. Corner,* 2 Gill, 426, 427; *Boyd v. McCann,* 10 Md. 118, 123; *Calvert Bank v. Katz,* 102 Md. 56, 61, 61 A. 411; *Jewel Tea Co. v. Weber,* 132 Md. 182, 103 A. 476; *Bell v. Steen & Bros.,* 137 Md. 388, 112 A. 584; *Taylor v. Ramsay Co.,* 139 Md. 113, 122, 114 A. 830; *Baltimore Dry Docks etc. Co. v. Hoffman,* 142 Md. 73, 76, 120 A. 227; *Travelers Ins. Co. v. Connolly,* 145 Md. 554, 565, 125 A. 900; *Bogatsky v. Swerdlin,* 152 Md. 18, 25, 135 A. 416; *Travelers' Ins. Co. v. Fox,* 155 Md. 210, 216, 141 A. 547; *Smith v. Whitman,* 159 Md. 478, 485, 150 A. 856; *Nelson v. Jacques,* 160 Md. 197, 201, 153 A. 20; *Monumental Printing Co. v. Edell,* 163 Md. 551, 164 A. 171; *Red Star Motor Coaches, Inc., v. Chatham,* 163 Md. 412, 163 A. 886. In *Harrison v. Central Construction Co.,* 135 Md. 170, at page 180, 108 A. 874, 878, it was said that: "When the facts have been ascertained and agreed upon by the parties, or are undisputed, and there is no dispute as to the inferences to be drawn from the facts, the question becomes one of law and may be decided by the court."

This was said in a case where there was an agreed statement of facts. And it will be found on examination of all the cases where like language is used there was no controversy about the facts. *Hygeia Ice & Coal Co. v. Schaeffer,* 152 Md. 234, 136 A. 548; *States Engineering Co. v. Harris,* 157 Md. 488, 146 A. 392; *Beyer v. Decker,* 159 Md. 289, 150 A. 804. "Undisputed," as used in these cases, must be taken to mean "uncontested," rather than "uncontradicted".

620

■■■■■■■■■■■■■■■

The vigorous cross-examination in the present case is sufficient to show that the testimony relied on by the appellant was not undisputed. Indeed, the character of the testimony as to the identification of the car from which the decedent fell is such that the jury could well have questioned its reliability. The appellant, having the record of the movement of the cars in its possession, failed to produce it. *Osborne v. Gray,* 241 U. S. 16, 21, 36 S. Ct. 486, 60 L. Ed. 865; *Lindway v. Pennsylvania Co.,* 268 Pa. 491, 112 A. 40; *Hiss v. Weik,* 78 Md. 440, 452, 28 A. 400.

*Judgment affirmed, with costs to appellee.*