CALLAN, RESPONDENT, *v.* HAMPLE, APPELLANT.

(No. 5,661.)

(Submitted April 21, 1925. Decided May 4, 1925.)

[236 Pac. 550.]

*Work and Labor—Quantum Meruit—Services of Expert—Rules Relating to Master and Servant not Applicable—Incidental Expenses Recoverable Without Pleading—Evidence—Pleadings—Amendment During Trial—Departure—What Does not Constitute—Continuances—Refusal—Nonprejudice — Appeal —Judgment—Modification—When Proper.*

Work and Labor—Professional Man not Servant—Action for Services— Incidental Expenses—Evidence—Admissibility.
1.   The employment of a professional man (expert accountant) does not create the relation of master and servant and is not governed by the rule applicable to such relation; therefore, since such employment may entail the employment of assistants and the outlay of incidental expense money, a contract to pay the expenses thus necessarily incurred may be inferred from the nature of the employment, and evidence that it was necessary and customary to incur such additional expenses was admissible in an action to recover the reasonable value of the services without pleading them.

Complaint—Amendment During Trial—When not Departure from Original Pleading.
2.   Where an amendment of the complaint permitted to be made during trial was immaterial and did not require proof of the existence of additional facts, but the evidence relating thereto was admissible under the original pleading, there was no departure from the cause of action first stated.

73 Mont.—21

Same — Amendment During Trial—Refusal of Continuance—Failure to Make Showing of Prejudice—Effect on Appeal.

3. Refusal to grant a continuance upon amendment of the complaint during trial, *held* not error where defendant from a bill of particulars furnished him ten months prior thereto had knowledge of the claim incorporated by the amendment and did not make any showing of prejudice suffered by the court's action.

Pleadings—Amendment During Trial—Discretion.

4. The matter of the amendment of a pleading, at any time, rests within the sound discretion of the trial court, and its action is not cause for reversal of the judgment in the absence of an affirmative showing of abuse of discretion resulting in prejudice.

Work and Labor — *Quantum Meruit* — Expert Accountant — Services of Assistant—Payment—Amount Paid Reasonable Value.

5. Where the evidence in an action on *quantum meruit* by an expert accountant disclosed that plaintiff had paid an assistant two dollars per day, the amount so paid became the reasonable value of the services of the assistant, and refusal to so instruct the jury was error.

Witnesses—Jury Judge of Credibility.

6. The jury is the judge of the credibility of witnesess and it is its province to decide conflicts in the evidence, and unless the testimony of the prevailing party is characterized by such inherent improbability as in effect to destroy it, the supreme court will not interfere.

Work and Labor — Excessive Judgment — Remand With Direction to Modify, When.

7. Where in an action for services rendered, the plaintiff, an expert accountant was properly entitled to recover but the trial court erred in refusing to limit recovery for the services of an assistant to the amount actually paid by him, to-wit, two dollars per day, and the jury awarded five dollars a day, and the excess in the judgment could readily be determined by mathematical calculation, the judgment will not be reversed and a new trial ordered, but the cause will be remanded with instruction to modify the judgment.

---

Appeal and Error, 4 **C. J.**, sec. 2836, p. 858, n. 3; sec. 2837, p. 861, n. 19; sec. 3170, p. 1158, n. 23.
Continuances, 13 **C. J.**, sec. 93, p. 170, n. 95.
Master and Servant, 26 **Cyc.**, p. 970, n. 23.
Pleading, 31 **Cyc.**, p. 418, n. 60.
Work and Labor, 40 **Cyc.**, p. 2849, n. 24; p. 2853, n. 33.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by J. P. Callan against J. E. Hample. Judgment for plaintiff and defendant appeals. Remanded, with directions to modify judgment.

---

4. See 21 R. C. L. 572.

*Messrs. Walker & Walker* and *Mr. C. S. Wagner*, for Appellant, submitted a brief; *Mr. Wagner* argued the cause orally.

*Mr. William Meyer*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein alleges that the plaintiff is an expert accountant who, during the years 1922 and 1923, performed services for the defendant at his special instance and request, of the reasonable value of $1,074, and, in connection therewith, incurred expenses, increasing the total to $1,086.50, and that no part thereof has been paid. The answer admits that plaintiff is an expert accountant and denies the remaining allegations of the complaint.

After answer, defendant made demand for a bill of particulars, which was furnished May 10, 1923, and shows the number of days plaintiff claims to have worked and a charge of $25 per day, and also the dates of services rendered by an "assistant" at $5 per day; also the items of expense claimed.

The trial commenced on April 11, 1924. While on the stand plaintiff was asked: "In doing the work in 1921, did you employ anyone besides yourself?" He was not permitted to answer, and thereupon asked and was granted, over objection, leave to amend the complaint by interlining, after his allegation of the performance of services and before the phrase "which were reasonably worth," the words "which said services required the service of an assistant, all of." No change was made in the amount claimed, and the complaint was thus made to conform to the items set out in the bill of particulars. Defendant then moved for a continuance in order to further plead, which motion was denied. The jury returned a verdict for the full amount claimed, and judgment was entered thereon. Defendant moved for a new trial; in the absence of Judge Jack-

son, who presided at the trial, the motion was submitted to Judge Carroll without argument, and was by the court overruled.

(1) The first specification of error is "that the complaint [1] does not state facts sufficient to constitute a cause of action." As to this general ground of challenge to the complaint, it is only necessary to say that the complaint is in the usual form for such a cause of action and sufficiently complies with the requirements of section 9129, Revised Codes of 1921. Indeed, counsel do not seriously contend that the complaint, as originally filed, is insufficient, but they do contend that the amendment referred to is a departure from, and changes, the cause of action, and, under the circumstances, renders the complaint insufficient. There is no merit in the contention.

The character and effect of the employment of an expert accountant does not differ materially from the employment of a doctor, a lawyer or other professional man. He is retained to perform services requiring his personal skill and technical knowledge not common to the one employing him, and therefore to proceed with the work in accordance with his own methods and ideas without being subject to direction or orders from his employer as to details. Such an employment does not constitute the relation of master and servant, and is not governed by the rules applicable to such relation. (26 Cyc. 970; *Eldred* v. *Mackie*, 178 Mass. 1, 59 N. E. 673; *Groesbeck* v. *Pinson*, 21 Tex. Civ. App. 44, 50 S. W. 620.) Such employment of professional men and skilled workers may necessarily entail the employment of others to attend to certain details, and the outlay of incidental expense money, and a contract to pay the expenses thus necessarily incurred, as well as and in addition to the reasonable value of the services of such an one, may be inferred from the nature of the employment and the surrounding circumstances.

The expert accountant could not be required to pay for necessary assistance, toll charges and traveling expenses, out of the

reasonable compensation for his personal services any more than a doctor could be required to pay nurses' wages, drug bills and hospital expenses out of his compensation, or a lawyer to pay filing fees, witness fees and necessary traveling expenses out of the reasonable compensation for his services.

The plaintiff was required to do and perform whatever was necessary in rendering full income tax reports for the defendant, and, as the government had sought to collect from defendant a large amount of additional taxes, plaintiff was required to gather data, check the returns theretofore made, and the reports of the government agents, and meet the case made by the government by written objections, brief and argu-
[2] ment.  Evidence that in performing such services it was necessary and customary to employ an assistant in checking data and figures in order to insure accuracy, and the incurring of expense for telegrams sent, long distance conversations had and trips made in order to assemble all available data, was admissible and should have been admitted under the general allegations of the complaint, without the amendment.  There was, therefore, no departure from the original cause of action, "the test of which is whether proof of the existence of additional facts will be required."  (21 R. C. L. 583; *Wabash R. Co. v. Campbell*, 219 Ill. 312, 3 L. R. A. (n. s.) 1092, 76 N. E. 346; *Allen v. Railway Co.*, 229 Pa. St. 97, 140 Am. St. Rep. 714, 30 L. R. A. (n. s.) 1096, 78 Atl. 34.)  The amendment but incorporated in the complaint immaterial matter, and was made merely because of the court's action in sustaining an objection to the proof under the original allegations of the complaint.

(2) Specifications numbered 2 and 3 are considered together
[3] by counsel for defendant and predicate error upon the court's action in permitting the amendment, and in refusing to permit defendant to plead further.  These specifications are disposed of by what has been heretofore said.  Further, defendant had knowledge of the claim of reimbursement for the expense of an assistant from the time of the delivery of the bill

of particulars, more than ten months prior to the trial; the defendant was, therefore, not taken by surprise. It does not appear that he did not meet the issues with all the evidence that could be produced at any time, nor does he make any showing of prejudice by reason of the court's action.

The matter of an amendment of a pleading, at any time, [4] rests within the sound discretion of the trial court, and its action will not be reversed in the absence of an affirmative showing of abuse of that discretion resulting in prejudice. (Sec. 9187, Rev. Codes 1921; *Greene* v. *Rowan,* 29 Mont. 263, 74 Pac. 456; *Dorais* v. *Doll,* 33 Mont. 314, 83 Pac. 884; *DeCelles* v. *Casey,* 48 Mont. 568, 139 Pac. 587; *Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601.)

The citation of authorities to the effect that on the filing of an amended pleading the original become *functus officio,* and that therefore further pleading on the part of the defendant was necessary, are not in point; here the amendment does not "supersede" the complaint nor any part thereof.

(3) Specifications 4, 5, 10 and 11 challenge the right of the [5] plaintiff to recover the sum of $5 per day for the services of his assistant, and instructions warranting verdict and judgment therefor.

The evidence discloses that plaintiff employed a stenographer in his office at $2 per day for the actual time employed, and that this stenographer assisted him in his work on thirteen and three-fourths days; that her services were necessary in checking the work done, and that it was customary to employ an assistant for that purpose. While such services were a proper charge under plaintiff's contract, if necessary to the proper discharge of his duties, the record is barren of any showing that plaintiff paid, or obligated himself to pay, to his stenographer any amount in excess of her regular per diem of $2, although evidence was adduced to prove that $5 per day was reasonable for the work done by the stenographer.

In an action on *quantum meruit* the rule is that, if the evidence discloses an agreement as to wages, the price thus fixed becomes the reasonable value of the services. (*Daly* v. *Kelley*, 57 Mont. 307, 187 Pac. 1022.) By analogy, the amount paid or agreed to be paid by plaintiff for the services of an assistant becomes the reasonable value of the services of the assistant. The plaintiff is paid for his time and his necessary expenses in performing his duties, and can no more make a profit from the services of his assistant than he could from the sending of telegrams or the making of long-distance calls; reimbursement is all that he is entitled to in addition to his *per diem* for services rendered personally. Under the evidence the court should have instructed the jury to that effect and, having refused such an instruction, committed error.

(4) Specification No. 6 predicates error on the giving of an instruction following the allegations of the complaint as originally filed, and specification No. 7, on the refusal to give an instruction to the effect that the jury should not consider any evidence with reference to sending telegrams or making long distance calls. As plaintiff was clearly entitled to recover for actual and necessary expenses incurred and paid in performing his duties, no error was committed in either giving the instruction complained of or refusing the converse instruction.

(5) Specifications 8 and 9 attack the sufficiency of the evidence to support the verdict and judgment. No good purpose would be served in an extended canvass of the evidence. According to both plaintiff and defendant, services were performed throughout the years 1922 and 1923; defendant had numerous interests and a large income; he employed plaintiff to look after his income tax reports. Among other matters handled, according to plaintiff, was a report in 1921 by agents of the Internal Revenue Office, assessing defendant with $29,000 additional taxes, and which plaintiff claimed he succeeded, after a great amount of work and study, in reducing to $13,000. Plaintiff testified as to the number of days it took him to per-

form the divers services he was called upon to perform for defendant, and introduced evidence of some sixty interviews with defendant, of an hour or more each. He was, in some instances, corroborated by other witnesses. On the other hand, the defendant testified that he did not call on plaintiff to exceed four or five times, and called other expert accountants who testified that all of the work done by plaintiff could have been performed in a fraction of the time. Counsel point out admissions, on the part of plaintiff, of mistakes made in the work and contradictions in this testimony. This contradictory testimony but presents a sharp conflict in the evidence, which was for the jury to resolve. (Sec. 10672, Rev. Codes 1921.)

While the judge, who passed on the motion for a new trial, did not hear the evidence, and we are, therefore, in the same position as was he, we are still confronted with the fact that it was for the jury to determine the credibility of the plaintiff, and "unless his testimony is characterized by such inherent improbability as in effect to destroy the testimony itself, this court will not interfere." (*Parchen* v. *Chessman,* 53 Mont. 430, 164 Pac. 531.) There is nothing in the testimony pointing out such improbability as would warrant the court in adopting the rule laid down in *First State Bank* v. *Larsen,* 65 Mont. 404, 211 Pac. 214.

As we have determined that the trial court erred with respect [7] to the amount recoverable in this action for the services of an assistant, we are called upon either to reverse the judgment and remand the cause for a new trial, or to modify the judgment in such manner as is compatible with justice and reason. That this court has power to pursue either course is clear from the provisions of section 8805, Revised Codes of 1921, and, under the circumstances disclosed in this case, we adopt the latter course.

The record shows the number of days on which plaintiff required assistance, and the *per diem* paid his assistant. The excess in the judgment, allowed by reason of the error com-

mitted by the trial court, can therefore be readily determined by mathematical calculation, and it would be idle to remand the cause for a new trial with its attendant cost and delay, merely for the purpose of eliminating from the judgment that portion thereof which was improperly awarded.

The cause is remanded to the district court of Silver Bow county with direction to modify the judgment herein by deducting from the amount of the judgment the sum of $44.55, being $3 per day for thirteen and three-fourths days, with interest thereon, so erroneously included in the judgment, and, as modified, the judgment will be affirmed.

The defendant shall have and recover from the plaintiff one-half of his costs on appeal.

*Remanded with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.