# HYGEIA ICE AND COAL COMPANY ET AL. *v.* WILLIAM T. SCHAEFFER.

*Workmen's Compensation—Questions for Jury—Independent Contractor—Casual Employee.*

On appeal from the Industrial Accident Commission, where the facts have been ascertained and agreed upon, or conceded by the parties, and there is no dispute as to the inferences to be drawn from the facts, there is presented a question of law only, which may be decided by the court.                    p. 235

The questions whether the person injured was an independent contractor, and whether he was a casual employee, are questions

of fact, to be determined from the evidence, under proper in-
structions by the court.                          pp. 234-236

Evidence that, in the case of one employed to do weather-
boarding upon an industrial plant, directions as to the details
of the work were given by the employer, was sufficient to justify
a finding by the jury that the person employed was not an
independent contractor.                          pp. 237, 238

Evidence that the one so employed was to be paid at a named
rate "per square," and that the duration of the work was indefi-
nite, taken in connection with the fact that such work involved
repairs essential to the successful conduct of the business, justi-
fied the court's refusal to decide, as a matter of law, that he was
a casual employee.    ·                          pp. 238-240

Whether one is a casual employee is to be determined, not by
the infrequency of the employment or its duration, but by
the nature of the employment.                          p. 240

*Decided January 28th, 1927.*

Appeal from the Circuit Court for Frederick County
(URNER, C. J., and WORTHINGTON, J.).

Claim by William T. Schaeffer against the Hygeia Ice
and Coal Company, employer, and the Maryland Casualty
Company, insurer. From a judgment affirming an award
of the State Industrial Accident Commission in favor of
the claimant, the employer and insurer appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, AD-
KINS, OFFUTT, DIGGES, and PARKE, JJ..

*Austin J. Lilly* and *G. R. Aiken,* with whom was *Edgar
H. McBride* on the brief, for the appellants.

*W. Clinton McSherry,* for the appellee.

DIGGES, J., delivered the opinion of the Court.

The Hygeia Ice and Coal Company, one of the appellants,
was engaged in the ice and coal business at Brunswick,
Maryland, at which point it owned and occupied for the
purpose of its business a building. This plant was under

the supervision and control of H. E. Phleger, the general
manager of the company in Brunswick.   Some time in July,
1925, the company determined to weatherboard its building
with shingles.   The general manager decided to have one
end of the building so shingled and, if the appearance was
satisfactory, then the whole building would be shingled in
like manner.   On or about July 6th, 1925, the appellee was
employed to do this work, the employer furnishing all ma-
terial, and the appellee to receive two dollars and twenty
five cents per square for putting on the shingles.   It was
necessary in doing the work to erect a scaffold, which was
done by the appellee out of lumber furnished and paid for
by the employer.   The appellee started his work on July
8th, and after putting on about two and a half squares of
shingles, the scaffold upon which he was standing gave way,
and he fell a distance of five feet, resulting in the fracture
of his right leg.   After the injury, application was made
by the appellee to the State Industrial Accident Commission
for compensation.   The commission, after due hearing, de-
cided that the appellee was an employee of the ice and coal
company within the meaning of the Workmen's Compensation
Law, and awarded him compensation for his injury.   From
this award the ice and coal company and its insurer, the
Maryland Casualty Co., appealed to the Circuit Court for
Frederick County.   In that court a jury trial was had, and
two issues of fact were submitted for finding by the jury:
First, "Was William T. Schaeffer, the claimant in this case,
an independent contractor at the time of the accident, on July
8, 1925, at the plant of the Hygeia Ice and Coal Company,
Brunswick, Maryland?"   Second, "Was William T. Schaef-
fer, the claimant in this case, a casual employee of the
Hygeia Ice and Coal Company, Brunswick, Maryland, on
July 8, 1925, the time of the accident?"   Testimony was
taken on behalf of the appellant and appellee, and the jury
found in the negative as to both issues; that is to say, they
found that the appellee was neither an independent con-
tractor nor a casual employee.   Thereupon judgment was

entered affirming the order of the State Industrial Accident
Commission. From that judgment this appeal is prosecuted.

The single exception in the record is to the court's ruling
on the prayers. The appellant offered ten prayers and the
appellee one. The lower court refused the appellant's 1-A,
1-B, fourth, sixth, seventh, eighth and ninth prayers, granted
its second prayer, granted its third and fifth prayers as
modified by the court, and granted the single prayer of the
appellee. The contention of the appellant here is that the
court erred in refusing the appellant's 1-A and 1-B prayers
and granting the appellee's prayer, which latter prayer
instructed the jury as to the burden of proof. The appel-
lant's 1-A and 1-B prayers asked for an instructed verdict
in favor of the appellant upon the theory that the uncontra-
dicted evidence showed that the appellee was either an inde-
pendent contractor or a casual employee. To support this
theory the appellant contends that where the evidence is
uncontradicted, and reasonable minds cannot differ as to the
inferences deducible therefrom, the question then becomes
one of law to be decided by the court, and not one for the
jury.

There is cited in support of this contention the case of
*Harrison v. Central Construction Company,* 135 Md. 170.
The facts and circumstances of that case are entirely differ-
ent from those of the case now under consideration. There
the case was tried before the court sitting as a jury, upon
an agreed statement of facts. The facts disclosed that the
claimant was injured while on his way to work from his
home in Baltimore to Magnolia, in boarding a train of the
Pennsylvania Railroad, upon which transportation was fur-
nished the claimant by his employer. As stated, there was
not, nor could there be, any dispute as to the facts or infer-
ences to be deduced therefrom. The question therefore
presented was strictly and solely a legal one, to wit, where
an employee going to his work, where the transportation is
furnished by the employer, is injured, is such injury in the
course of his employment? The mere statement of the only

question to be decided in that case is sufficient to demonstrate that it was a question for the court, for the reason that no evidence could have been submitted to the jury which would enable them to determine that question. After the agreed statement of facts, the question ceased to be a mixed one of law and fact and became one of law only; and had the case been submitted to the jury, the only question which the jury could have passed upon would have been the legal one, which was within the province and the duty of the court to determine.

Section 56 of article 101 (Workmen's Compensation) in part provides: "Any employer, employee, beneficiary or person feeling aggrieved by any decision of the commission affecting his interest under this article may have the same reviewed by a proceeding in the nature of an appeal and initiated in the circuit court of the county or in the common law courts of Baltimore City having jurisdiction over the place where the accident occurred or over the person appealing from such decision, and the court shall determine whether the commission has justly considered all the facts concerning injury, whether it has exceeded the powers granted it by the article, whether it has misconstrued the law and facts applicable in the case decided."

Since the decision in the case of *Harrison v. Central Construction Company, supra,* it is settled that, on appeal, where the facts have been ascertained and agreed upon, or conceded by the parties, and there is no dispute as to the inferences to be drawn from the facts, there is presented a question of law only, which may be decided by the court, and this without regard to which party is the appellant. For example, the statute in terms excludes farm laborers from the provisions of the article 101. Suppose a farm hand should be injured by falling from a load of hay, while going from the field to the barn, and he should apply to and be awarded compensation by the commission. On appeal the single question to be determined would be whether or not farm laborers are within the provisions of the Workmen's Compensation

article. The question thus presented would be a legal one, to be answered by construing the statute, which function is one for the court and not for the jury, because there would be no fact the finding of which would depend upon evidence. *Todd v. Furniture Company,* 147 Md. 359; *Bogatsky v. Swerdlin,* 152 Md. 18.

In the case of *Bell v. Steen,* 137 Md. 384, decided after *Harrison v. Central Construction Co., supra,* the issues of fact submitted to the jury were: First, "Was the appellee, Evan H. Bell, an employee of the appellants, E. Steen Brothers?" And, second, "Was the appellee, Evan H. Bell, a casual employee of the appellants, E. Steen Brothers?" Which are the same issues of fact presented by the case at bar. In that case the lower court granted a prayer which instructed the jury as a matter of law that Evan H. Bell was not a person engaged in the service of the appellants, Steen Brothers, and was therefore not an employee within the meaning of the Workmen's Compensation Act, and the answer to the first question should be "No." Upon appeal, this instruction was declared to be erroneous and was reversed, this Court saying: "The question presented in this case is identical with that recently passed upon by this Court in the recent case of the *Jewel Tea Co. v. Weber,* 132 Md. 178, and unless we are to overrule what was decided in that case, and approved in *Beasman v. Butler,* 133 Md. 382, we must hold, in this case, that the granting of the appellant's prayer was improper, and reversible error. * * * We find nothing in the case of *Harrison v. Central Constr. Corp.,* 135 Md. 170, relied upon by the appellees on this record, in conflict with our ruling in this case, nor in any way overruling the former decisions of this Court in *Jewel Tea Co. v. Weber,* 132 Md. 178; *Coastwise Shipbuilding Co. v. Tolson,* 132 Md. 203; *Beasman v. Butler,* 133 Md. 382; *Thistle Mills v. Laban Sparks, ante,* p. 117."

The questions of whether the appellee was an independent contractor, or a casual employee, are questions of fact to be determined from the evidence, under proper instructions by

the court. These were the very questions of fact upon which the commission had passed adversely to the appellant's contention, and which he was seeking to have reviewed by the jury, and which were properly submitted by the lower court.

We have carefully examined the testimony as disclosed by the record, and are of the opinion that there is sufficient evidence from which the jury could properly have found that the appellee was neither an independent contractor nor a casual employee.

Our statute does not define either an independent contractor or a casual employee. The common law definition of an independent contractor, which has met with general acceptance, is thus stated in 28 Ruling Case Law, 762: "One who contracts with another to do a specific piece of work for him, and who furnishes and has the absolute control of his assistants, and who executes the work entirely in accord with his own ideas, or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in respect of the details of the work, with absolute control thereof, is not a servant of his employer, but is an independent contractor." While this is a general expression of the rule, from a reading of the numerous decisions as to who are and who are not independent contractors, it is apparent that the application of the rule is almost as varied as the cases in which it is applied. In its very nature, the rule cannot be rigidly applied to every case, and much latitude must be conceded, because of the infinitely varying facts and circumstances which are attendant upon and characterize the relation of the parties. Decisions of courts of last resort in this class of cases can rarely be taken as safe precedents and authorities, because of the always present differences of conditions and facts surrounding any two cases; and it is apparent that many decisions of the courts in determining this question turn upon even minute details. In applying the general rule as above stated, the weight of authority apparently is to the effect that in cases of this kind one of the important tests applied is

whether any power of superintendence or control is retained by the employer, some of the courts going to the extent of holding that this is the controlling test. Applying this test to the case now before us, we find facts testified to, both by the employer and the appellee, that directions were given by the employer as to details of the work; and whether this testimony is believed, or establishes facts from which the jury could reasonably infer that the employer did retain control and supervision of the details of the work, is clearly a jury question. It would, therefore, have been improper for the court to withdraw from the jury its consideration.

Neither are we willing to say that the evidence in this case establishes, as a matter of law, that the appellee was a casual employee. Much of what we have said in reference to the variety and diversity of court decisions in respect to independent contractors applies with equal force to the question of who are or who are not casual employees. An examination of the many cases on this subject discloses that not infrequently the conclusion of the court can be traced to its attitude towards workmen's compensation legislation, this attitude being an important factor in determining whether the particular court will construe the legislation under consideration liberally to effectuate its purpose, or will give such a strict construction as will tend to limit the scope of its operation. In this state the act itself requires that the courts construe its provisions liberally, and the decisions of this Court give force to this legislative mandate. Any definition must be a limitation, and therefore courts generally, either by reason of legislative mandate, or their view of the wisdom of the policy of such legislation, have refrained from giving a definition of the term "casual employee" which must govern in all cases, but have preferred to leave the decision of any case to be governed by its peculiar facts and circumstances.

In *State Accident Fund v. Jacobs,* 134 Md. 133, Judge Urner, speaking for the Court, said: "The Workmen's Compensation Act of this state does not define the term casual

as therein used to describe one of the classes of employees to whom the act is not intended to apply. It is a purely relative term, and in the absence of statutory definition its application should be determined in each case according to the particular facts presented. * * * The question whether an employment is casual must be determined with principal reference to the scope and purpose of the hiring, rather than with sole regard to the duration and regularity of the service."

In *Holman Creamery Association v. Industrial Commission,* 167 Wis. 470, the work of repairing the building in which a creamery was conducted was held to be a part of the company's business, and the employment of one to do such repairs was held to be not casual within the meaning of the act, which at the time of the injury excluded from the term "employee" any person whose employment is but casual. The Court said: "The defendant creamery association was engaged in the business of conducting a creamery. For the proper conduct of such a business a building was necessary. It is a common experience of mankind that buildings need repairs from time to time; indeed, it is so common that the income tax law allows for the deduction of repairs from rentals received, and all business concerns of any magnitude provide for a repair account or a fund to meet such expenses. The making of repairs, therefore, belongs to the category of things to be anticipated and provided for. True, repairs come at irregular intervals, and one cannot accurately foretell just when they will be needed, but needed they will be in any business that endures for any considerable length of time. They are, therefore, a part of the employer's business, to be anticipated and met when necessity or convenience dictates. Being essentially an integral part of every business employing material things in its prosecution, no reason is perceived why one employed to make them should not be classed as an employee of the one for whom they are made. They are essential to the successful prosecution of every business whose implements are subject to the corroding touch of time, and a usual concomitant thereof. They are foreseen,

provided for, and made when necessary or convenient. The fact that one cannot exactly foretell just when they will have to be made is immaterial."

The above case, and that of the *Utah Copper Co. v. Industrial Commission of Utah,* 57 Utah, 118, give sanction to the principle that the casualness of the employment rests not upon the infrequency of the employment or the duration thereof, but that the nature of the employment must determine whether the same was casual or otherwise, the Wisconsin court saying: "It is quite evident that the term 'employment,' used in the quoted section, refers to the nature or kind of service rendered by the employee, rather than to the nature of his contract of hiring. The true test thereof is whether the service rendered or the work done by the employee is of a casual nature."

Applying these general principles to the case before us, it is evident that the repair of the ice and coal company's building was as essential to the successful conduct of its business as keeping its machinery in repair, or the manufacture and delivery of its products; that the appellee was employed for the purpose of making these necessary repairs, the compensation being fixed at two dollars and twenty-five cents per square rather than by daily wage; that the duration of the employment was indefinite, possibly terminating in a few days, and likely to continue for several weeks. Under all the circumstances as disclosed by the record, we are unwilling to hold, as a matter of law, that the scope, purpose and nature of the employment was casual. The question, therefore, became one for the jury, guided by proper instructions from the court. In this case such instruction was contained in the appellant's fifth prayer, granted as modified by the court. Agreeing with the ruling of the lower court, its action must be affirmed.

*Judgment affirmed, with costs to the appellee.*