[L. A. No. 15168. In Bank.—June 25, 1935.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, ROSS E. DAVENPORT, a Minor, etc., et al., Respondents.

F. Britton McConnell for Petitioners.

Everett A. Corten and Emmet J. Seawell for Respondents.

WASTE, C. J.—Petitioners are seeking a writ of review of, and pray for an order annulling, an award of compensation made by the respondent commission for personal injuries to a newsboy selling the Los Angeles Times. The only question involved here is the application to the facts of the case of section 8 (a) of the Workmen's Compensation Act defining the term "employee". Stated concisely, the question is: Was the injured boy an employee of the newspaper at the time of his injury?

For circulation purposes, the city of Los Angeles was divided into districts, each looked after by a district manager for the Los Angeles Times. Davenport, the employee, had been selling the Sunday edition of the Times for two years, and it is admitted he was in the course of his employment when he was struck by an automobile and received the injuries for which the award of compensation was made. There was keen sales competition between the Times and another Los Angeles paper. The city circulation manager of the Times testified before the commission that the Times was "interested and concerned with seeing that there was a boy selling [the Times] in each major location in which the [other paper] was being sold".. The boys selling the Times were not allowed to sell any other paper. Davenport was one of the boys assigned to a particular location by direction of the district manager. It was his duty to sell the Sunday Times exclusively, for which he received two and a half cents for each paper sold, together with a "bonus" of fifty cents per day, paid by the Times for "selling the papers at that corner". In addition, the district manager made arrangements, as in other cases with other boys who went around the neighborhood selling Sunday papers, that they should "check in" with Davenport for papers sold by them. The "bonus" just referred to was explained by the testimony before the commission to be an amount determined by the circulation department to be paid to the boy at the corner to compensate him for being on his corner, as required, at all proper times "and [working] while he was there". This bonus when paid to a boy carried with it "the requirement of exclusive service". The boy's work must be satisfactory to the district manager, the circulation manager, and "to the Times". The hours for being at the corner were fixed by the district manager.

This brief *résumé* of the material facts is sufficient to demonstrate that the employee, Davenport, came squarely within the definition of the term "employee" contained in section 8 (a) of the act, *supra,* and was not governed by the provisions of that section excluding persons selling newspapers the title to which has passed to the person so engaged. This court recently denied issuance of a writ of review in a case similar in facts and identical in law points.

In denying a petition for rehearing, we said: "The petition for rehearing herein is denied for the reason that the deceased employee, at the time of his death, was performing duties arising out of a special employment; and that such special employment was distinct from his ordinary activities, in which he was an independent contractor." (*State Compensation Fund* v. *Industrial Acc. Com.*, 2 Cal. (2d) 94 [39 Pac. (2d) 201].) For a case strikingly similar to the present case in legal effect, see *Associated Indemnity Corp.* v. *Industrial Acc. Com.*, 128 Cal. App. 104 [16 Pac. (2d) 774].

The award of the respondent commission is affirmed.

Curtis, J., Shenk, J., Langdon, J., Preston, J., and Thompson, J., concurred.

Rehearing denied.