## BOARD OF SUPERVISORS OF ELECTIONS *v.* SAMUEL BALSER

[No. 51, January Term, 1937.]

*Decided March 26th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Albert A. Levin, Special Attorney for State Accident Fund,* for the appellants.

*Maurice J. Pressman,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Samuel Balser was notified by the ward executive of his party affiliation to go to the office of the Supervisors of Elections of Baltimore City and obtain the job of erecting and taking down polling booths for a primary

election. He reported as directed and was engaged to put together and take down the booths at nineteen polling places. The employer paid at the rate of seventy cents for every booth set up, and a like sum for taking it down, and payment was made after the booths were put together and again when they were taken apart. There were five booths at every polling place.

The Supervisors supplied and delivered the booths where they were to be set up, but the bolts to hold the sections of the booths together were obtained at the warehouse of the Supervisors and there instructions were given in the method of putting the booths together. The claimant undertook to furnish the labor and tools. He was not required to report, nor did he, when the work was begun or finished. He could begin, stop, or continue work when he chose. While at work he was not under the direction, supervision, and control of the Supervisors or any one acting in their behalf. Furthermore, the contract was not for his personal service but, so long as it was properly and timely done, he could have had the work done by any one. If the Supervisors found that the work was not being done in time nor properly, the work would have been given to another person to do. The Supervisors obtained their information whether the booths had been erected by reports from the police on the Sunday preceding the election.

At the time of the claimant's undertaking a second man was similarly engaged for the booths of twenty-one other polling places. As two men were required for the labor of erecting the booths, it was suggested, and the claimant and this other man agreed with each other, that they would work together setting up the booths at the forty places. They arranged to meet at the claimant's home, and thence go to complete jointly their separate undertakings. While erecting one of the booths, an iron brace fell and hurt claimant's left leg. For this injury he sought compensation. The Workmen's Compensation Commission disallowed the claim on the ground that he was an independent contractor. On appeal, the court, sitting as a jury, found on the issues submitted that the

claimant was a workman for wages, who was engaged in an extra-hazardous employment, and that he was neither a casual employee nor an independent contractor. These findings resulted in a reversal of the order of the commission, and from this judgment the pending appeal is taken.

The controlling facts on this record are undisputed, and admit of no reasonable inference which would bring the claimant within the purview of the Workmen's Compensation Act (Code 1924, art. 101, sec. 1 *et seq.* as amended). In *Hygeia Ice & Coal Co. v. Schaeffer,* 152 Md. 231, at page 237, 136 A. 548, 550, it was said: "Our statute does not define either an independent contractor or a casual employee. The common law definition of an independent contractor, which has met with general acceptance, is thus stated in 28 *R. C. L.* 762: 'One who contracts with another to do a specific piece of work for him, and who furnishes and has the absolute control of his assistants, and who executes the work entirely in accord with his own ideas, or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in respect of the details of the work, with absolute control thereof, is not a servant of his employer, but is an independent contractor.' "

The record before the court presents a case whose facts completely fulfill the definition of an independent contractor. The relation of independent contractor does not require that the contractor be himself an employer of workmen. The test lies in the power of control or superintendence over the promisor or contractor in the performance of the work. If the promisee or contractee has neither power of control nor of superintendence, the relation of employer and employee does not arise. *Schneider's Workmen's Compensation Law* (2nd Ed.) secs. 37, 38.

Here the claimant has contracted to do a specific work and has the right to control the way and means of doing it. *Bogatsky v. Swerdlin,* 152 Md. 18, 27, 135 A. 416; *North Chesapeake Beach Land & Improvement Co. v.*

*Cochran,* 156 Md. 524, 531-534, 144 A. 505; *Barnes v. Myers,* 163 Md. 206, 210, 161 A. 279; *Moore v. Clarke,* 171 Md. 39, 187 A. 887.

The latest expression of the court's views on the question is found in the case of *Board of Education v. Reynolds,* 171 Md. 454, 189 A. 246. In the recent decisions cited, the principles controlling are so clearly stated that a further discussion here would be but a reiteration of the facts previously set forth. On the ground that the relation of employer and employee, within the meaning of the statute, did not exist, the court is of the opinion that the prayer directing a finding for the appellant on the ground that the claimant was an independent contractor should have been granted.

*Judgment reversed, and case remanded, with costs to the appellants.*