## WILLIAMS CONSTRUCTION CO., ET AL. *v.* J. EDWARD BOHLEN

[No. 68, October Term, 1947.]

*Decided January 16, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, and HENDERSON, JJ.

*James A. Biddison, Jr.,* with whom were *Bartlett, Poe & Claggett* and *C. Walter Cole* on the brief, for the appellants.

*Charles C. Lyons* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

In this workmen's compensation case the decisive issue is whether J. Edward Bohlen, claimant, was an employee of Williams Construction Company, contractor, at the time he sustained an accidental injury.

Claimant, a laborer and truck driver, had been employed by the construction company since 1940. In June, 1945, the company was engaged by Glenn L. Martin Company to tear down a large building at its manufacturing plant and to remove the debris. Claimant was assigned by his company to work on the project, and he started to work there early in July. The accident occurred on September 21, 1945, when several laborers were about to load empty drums on his truck. An explosion, which resulted when a lighted match was thrown on some inflammable liquid from one of the drums, set his clothes afire and burned him severely. On November 23, 1946, the State Industrial Accident Commission disallowed his claim on the ground that he was not an employee of the company at the time of the accident. He appealed from that decision to the Circuit Court for Baltimore County. The main defense of the company and its insurer, United States Fidelity and Guaranty Company, was that claimant was an independent contractor. The trial Court refused to rule as a matter of law that claimant was not an employee of the company, and the jury returned a verdict that he was its employee. From the judgment on the verdict reversing the decision of the Commission, employer and insurer appealed to this Court.

It is well established that, on an appeal from a decision of the State Industrial Accident Commission, where the terms and manner of employment are undisputed, the Court should determine as a matter of law whether the injured workman was an employee or an independent contractor; but where the terms and manner of employment are disputed, and different inferences may be drawn therefrom, the issue as to the relation that existed between the parties is a mixed question of law and fact to be determined by the jury under instructions from the

Court. *Bogatsky v. Swerdlin,* 152 Md. 18, 135 A. 416; *Barnes v. Thomas A. Myers & Co.,* 163 Md. 206, 161 A. 279; *Board of Education of Harford County v. Reynolds,* 171 Md. 454, 459, 189 A. 246. It was urged here that the evidence in the trial Court was substantially the same as the evidence before the Commission, and that claimant failed to meet the burden cast upon him by law to prove that the decision of the Commission was incorrect. The Maryland Workmen's Compensation Act provides that in all Court procedings under or pursuant to this Act, the decision of the Commission shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same. Code 1939, art. 101, sec. 70, now sec. 17, as recodified by Laws of 1945, ch. 528. We hold, however, that where the Commission has considered conflicting evidence of essential facts, and has drawn one of two different permissible inferences, there may be imposed upon the party attacking the decision of the Commission merely a burden of persuasion, and not necessarily a burden of additional proof. He may rely upon identically the same evidence that was presented before the Commission. The provision of the Act placing the burden of proof upon the appellant means only that he must prove in the trial Court what he asserts. His burden is to convince the Court or the jury that the Commission decided incorrectly in interpreting the facts, or deducing the inference from the facts, or construing the law applicable to the facts. *Schemmel v. T. B. Gatch & Sons Contracting & Bldg. Co.,* 164 Md. 671, 166 A. 39; *Moore v. Clarke,* 171 Md. 39, 45, 187 A. 887, 107 *A. L. R.* 924.

The general definition of "employee" is a person who is engaged in an extra-hazardous employment in the service of an employer, carrying on or conducting the same upon the premises or at a plant, or in the course of his employment away from the plant of his employer. Code Supp. 1943, art. 101, sec. 80. "Independent contractor" may be defined as one who contracts to perform a certain work for another according to his own means and methods, free from control of his employer in all details

connected with the performance of the work except as to its product or result. *Hygeia Ice & Coal Co. v. Schaeffer*, 152 Md. 231, 237, 136 A. 548; *Board of Supervisors of Elections v. Balser*, 172 Md. 187, 190 A. 822. Hence, a truck owner, who agrees to haul material for another, but who retains the right of control over the means and methods of doing the work and is responsible to the other only for the ultimate result, is not "in the service of an employer," but is an independent contractor. *Strong's Case*, 277 Mass. 243, 178 N. E. 637; *Flickenger v. Industrial Accident Commission*, 181 Cal. 425, 184 P, 851, 19 A. L. R. 1150; *Fidelity & Casualty Co. of New York v. Industrial Accident Commission*, 191 Cal. 404, 216 P. 578, 43 *A. L. R.* 1304, 1315.

In the court below the office manager of the company testified that claimant's name was not on the pay roll as an employee, and no deductions had been made from his wages for Social Security and Unemployment Compensation. On the other hand, claimant testified that, while he was a patient in St. Agnes Hospital in Baltimore following his accident, he was assured by A. V. Williams, one of the owners of Williams Construction Company, that all his expenses would be paid, and he was operated on several times by a surgeon whom he had never employed. Appellants further asserted that, after the company had contracted to raze the Martin building, J. William Sause, an employment broker, requested claimant to use his truck to haul the debris away. Claimant admitted that he had informed the broker that he would use his truck, but he added that he had previously told the superintendent of the company that he would work on the job. Like other workmen, he was given tickets certifying to his hours of work and truck hire. He admitted that he had not cashed these tickets with the company for several years, because they were not immediately payable in cash, but that Sause discounted them for him for a commission of 5 per cent. The fact that a workman is obtained by an employment broker, who pays his wages in advance for a discount, does not relieve the employer

from liability for workmen's compensation. *Pacific Employers Insurance Co. v. Industrial Accident Commission*, 3 Cal. 2d 759, 47 P. 2d 270. The Court will carefully examine any colorable contract of employment which seeks to transform a servant into an independent contractor. The Court looks beyond the legal terminology of the contract to discover the actual relation that existed between the parties. As Chief Judge Cardozo stated in a New York workmen's compensation case, even though an employment contract may be "adroitly framed to suggest a different relation," the triers of the facts might find that "the difference is a semblance only." *Glielmi v. Netherland Dairy Co.*, 254 N. Y. 60, 171 N. E. 906, 907; *Horovitz, Workmen's Compensation*, 2d Ed., 228, 229.

In the instant case claimant was not offered a fixed sum for a certain amount of hauling, but was paid at the rate of $1 an hour for his work and $1.50 an hour for the use of his truck. The fact that a workman is paid by the hour and is not required to complete a definite task is an indication that he is an employee. Where a truck owner agrees to haul material at such times as it becomes available, the fact that the contract does not call for completion of a certain task according to a definite plan or fixed time or measure is a circumstance indicating that he is an employee rather than an independent contractor. *Industrial Commission of Colorado v. Bonfils*, 78 Colo. 306, 241 P. 735. Claimant testified that he worked nine weeks on the roof, and two weeks in burning debris and in other ways reducing the dump. He declared that he had no authority to decide when to work on the roof, when to work around the dump, or when to drive the truck, but received his orders from either Osterman, superintendent of the demolition work, or one of the foremen, Hoffman and Brown. Finally, he asserted that he had the privilege to quit work at any time, and that either Osterman or one of his "immediate bosses" had authority to discharge him. Here again the fact that a superintendent or foreman has authority to give orders to a truckman in the course of his work and to discharge him at any time is

a circumstance indicating that the truckman is an employee within the operation of the Workmen's Compensation Act. *Tortorici v. Sharp Moosop, Inc.,* 107 Conn. 143, 139 A. 642.

Thus it is clear that there is evidence to sustain the finding that claimant was an employee of Williams Construction Company at the time of his accidental injury, and the Court was right in refusing to rule as a matter of law that he was not its employee. The judgment reversing the decision of the Commission will therefore be affirmed.

*Judgment affirmed, with costs.*