## BOWERS *v.* EASTERN ALUMINUM CORPORATION

[No. 481, September Term, 1964.]

*Decided December 13, 1965.*

626

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

*Herbert L. Grymes* for the appellant.

No brief and no appearance for the appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

This is an appeal from a decision of a judge of the Baltimore City Court, sitting without a jury, which reversed an award by the Workmen's Compensation Commission in favor of appellant, George Bowers, compensating him for temporary total disability and hospital expenses, resulting from an injury sustained during the course of his work.

In May of 1961, appellant was injured when a scaffold, upon which he was working with one Franklin Moyer, collapsed while the two were engaged in performing certain tasks "sublet" to them by appellee, a company active in the business of making home improvements.

The issue presented to the Court read: "Was the Eastern Aluminum Corporation, or its sub-contractor, the employer of George Bowers, claimant-appellee, at the time of the accidental injury under the terms of the Workmen's Compensation Act?" The trial court answered this issue "No," finding that at the time of Bowers' injury, Bowers and Moyer were working on a job given them by appellee as independent-contractor joint venturers. The appellant argues that the court was clearly in error in this finding, but further contends that even if Bowers were a partner in a joint venture at the time of his injury, he was still entitled to compensation under the Maryland statute as a "working partner."

The first portion of appellant's contention turns entirely upon mixed questions of law and fact. Nothing will be gained if

we set forth in detail the evidence supporting the court's findings of fact, and the evidence to the contrary. Suffice it to say that there was substantial direct testimony, which was confirmed in several of its aspects, to support the findings. We cannot say they were clearly erroneous, but, in fact, find ourselves in accord with them. And we find no error in the application of the law to the facts. When this situation develops, we must affirm. Maryland Rule 886 a.

Turning to the latter contention of appellant, we held above that the trial judge was justified in finding that the relationship between Bowers and Moyer and the appellee was that Bowers and Moyer were independent contractors performing work for appellee. This is dispositive of the appeal. It is established law in Maryland that an independent contractor is not an "employee" under Code (1957), Article 101, § 67 (3). *Board of Sup'rs of Elections v. Balser,* 172 Md. 187; *Williams Constr. Co. v. Bohlen,* 189 Md. 576; *Snider v. Gaultney,* 218 Md. 332.

> *Finding affirmed, appellant to pay the costs.*