## PLASTIC ASSEMBLED PRODUCTS, INC.
### ET AL. *v.* BENKOE

[No. 218, September Term, 1960.]

*Decided February 7, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and DUCKETT, Associate Judge of the Fifth Judicial Circuit, Specially Assigned.

*Nevin E. Leese,* with whom were *Rome & Rome* on the brief for appellant.

*Paul Benkoe,* in proper person, for appellee.

DUCKETT, J., by special assignment, delivered the opinion of the Court.

This is a Workmen's Compensation case wherein the only question before the Court is whether there was sufficient evidence of some unusual condition of employment which caused or contributed to Claimant's injury.

The Claimant, Paul Benkoe, age 58, although a well educated and intelligent Hungarian engineer, speaks English with considerable difficulty. At the time of the alleged accident on June 11, 1959, Claimant had been in this country for about two and a half years. He had been working for his employer, the Plastic Assembled Products, Inc., for approximately six weeks. His employer was engaged in manufacturing and assembling closures, such as glass and plastic medicine droppers. The Claimant, a mechanical engineer, designed and built the machines used in the production of these articles. About one-third of his work was designing and engineering and the remainder, physical mechanical work. Appellee worked in employer's one story structure in a large room approximately two hundred feet long, sixty feet wide and twenty-five feet high. The roof was of loose gravel over tar with no attic or air chamber. Approximately fifty employees worked in this room, forty of whom were women. Prior to this occurrence, Claimant had never had fainting spells nor had he lost consciousness while working.

The official Weather Bureau reports showed that a severely

hot spell began during this summer on June 8th and that the day of the occurrence (June 11th) was the hottest day so far that month, the maximum temperature being ninety-three degrees, or nine degrees above normal.

On the morning of June 11, 1959, Claimant reported for work at the usual hour of eight o'clock. During the morning he was, performing his regular work, building a machine which he had not completed on the previous day. At about eleven a.m., while standing and presumably working at his work table, Claimant suddenly fainted and collapsed to the floor, striking his head and sustaining a severe skull injury. He remained unconscious for a number of hours and is still unable to remember many of the circumstances and conditions surrounding the incident. In his claim for compensation, Claimant described the occurrence as follows: "I was working at a machine and became overcome by the heat. I fainted and fell over and struck my head and back and arm." After a hearing before the Workmen's Compensation Commission, the Commission decided that the Claimant sustained an accidental personal injury arising out of and in the course of his employment. Thereafter, an appeal was duly filed by the employer and insurer, to the Superior Court of Baltimore City. At the hearing in the Superior Court tried before a jury, Claimant testified to the effect that there was little or no ventilation in that part of the building where he was working, that the temperature outside of the building was approximately ninety degrees and at least one hundred and ten degrees inside. He further testified that there were an unusual number, between three hundred and fifty and four hundred, Bunsen burners burning during the night and that morning which emitted gas and carbon monoxide that increased the temperature where he was working. He testified further that the other workers were furnished with and were in close proximity to fans, while he had none.

Certain phases of the Appellee's testimony were contradicted by William Heller, employer's plant manager, called by the Claimant. No witnesses or testimony were offered by the employer or insurer. The jury found that the Claimant sustained an accidental injury, thereby affirming the action of the Commission.

The appeal is before this Court for the purpose of determining whether or not there was evidence legally sufficient to sustain the finding of accidental injury within the meaning of the Workmen's Compensation Statutes.

In the first place, it must be conceded that the injury occurred in the course of Claimant's employment, as the testimony is uncontradicted that Plaintiff sustained this injury while he was doing his regular work. In Maryland an injury is accidental only if it results from unusual cause, such as strain, exertion or conditions in the employment. *Eastern Shore Pub. Service Co. v. Young,* 218 Md. 338, 343, 146 A. 2d 884; *Dayton v. Davis,* 218 Md. 614, 618, 147 A. 2d 699; *Rieger v. Wash. Sub. San. Com'n,* 211 Md. 214, 216, 126 A. 2d 598.

We believe the testimony produced by the Claimant presented a jury question as to whether the injury resulted from some unusual conditions in the employment.

Claimant testified as to the unusual heat in the building, the lack of ventilation at his particular place of work, the excessive number of Bunsen burners in operation and the unusual length of time that they had been burning. Conceding, as Appellant contends, that some of this testimony was contradicted by Mr. Heller, we find that the Claimant's evidence was sufficient to present the issue to the jury. It is the jury's function and not the trial judge's to weigh the credibility of the evidence. *Jewell Tea Co. v. Weber,* 132 Md. 178, at 182, 103 A. 476; *Cabell Concrete Block Co. v. Yarborough,* 192 Md. 360, at 367, 64 A. 2d 292. *Stancliff v. Davis,* 208 Md. 191, 197, 117 A. 2d 577.

A number of compensation cases have arisen in Maryland and elsewhere involving extreme heat and cold, both natural and artificial, during employment. In the Maryland cases where recovery was denied,[1] there were no unusual conditions in the employment.

---

1. *Slacum v. Jolley,* 153 Md. 343, 351, 138 A. 244; *Miskowiak v. Bethlehem Steel Co.,* 156 Md. 690, 145 A. 199; *Heil v. Linck,* 170 Md. 640, 185 A. 555; *Beadle v. Bethlehem Steel Co.,* 172 Md. 541, 193 A. 240.

In cases where recovery was permitted, Claimant was either performing some unusual work [2] or the working conditions were unusual. [3]

The fact that other workers in the room did not faint is not controlling. Apart from the Claimant's testimony that he was the only employee without a fan or ventilation, the compensation test is not whether the employee was strong or weak, and therefore more susceptible to injury, but whether the disability was proximately caused by some unusual condition in the employment.

The second question raised by the Appellant in its brief was waived during argument.

*Judgment affirmed, with costs.*

---

2. *State Roads Com'n v. Reynolds,* 164 Md. 539, 165 A. 475.
3. *Schemmel v. Gatch,* 164 Md. 671, 166 A. 39.