JOAQUÍN GALLART MENDÍA, MANAGER, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and JACINTA FIGUEROA, WIDOW OF PENSORT, in her own right and on behalf of her minor daughter MILDRED SANTIAGO REVERÓN, Respondents.

No. 599. Decided June 8, 1962.

*Donald R. Dexter* and *Carmen Ana Archeval* for petitioner. *Emilio E. Rodríguez Colón* for Jacinta Figueroa widow of Pensort.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

 The Manager of the State Insurance Fund filed a petition to review the decision of the Industrial Commission which recognized the compensable character, as a labor accident, of the death of workman Samuel Pensort Warren. His petition rests on the fact that "in this jurisdiction, and for the purpose of determining the compensability in a case of death resulting from heart disease, it is necessary to establish that at the time of the accident which resulted in the death, the workman or employee has performed intensive physical labor, which amounts to an unusual exertion." In effect, and until we rendered our opinion in *Fernández* v. *Industrial Commission, ante,* p. 284, the rule most frequently applied was that urged by the Manager, but since then we announced that the mission of the administrative agency in its function of adjudging the compensability of a cardiac accident "should be confined to determining the existence of a causal relation between the labor performed and the final result—disability or death—namely, whether the work contributed to the result by the aggravation, acceleration, or precipitation of the illness." And we added that no distinction should be made between the degree of exertion, *although it is always necessary that some exertion be performed.* It seems advisable to emphasize that not all deaths resulting from cardiac ailments are compensable, and that it is necessary to establish with reasonable probability the existence of the causal relation pointed out. Thus, as of the decision in *Fernández,* when the evidence discloses that the death results from the natural development and in the normal course of the cardiac disease, without reasonable connection with the exertion and work performed, we have held that the benefits of the act can not be credited to the dependents of the deceased employee, *Núñez* v. *Industrial Commission, ante,* p. 363; *Cuquerella* v. *Industrial Commission, ante,* p. 494; *Valls* v.

*Industrial Commission, ante,* p. 587; *cf. Cruz* v. *Industrial Commission, ante,* p. 589.

Workman Samuel Pensort Warren, who was approximately 70 years of age, was a laborer in the construction industry. He worked seven days a week, and on Saturdays and Sundays he worked in the construction of homes of the mutual-aid program known as Comunidad Luis Manuel Cintrón. On April 30, 1960 he started to work at 7:00 a.m., and he and two other workers were engaged in assembling material for the building under construction and helping mix concrete. The materials were stored in a place distant from the work. His first activity was to transport two sacks of cement of 100 pounds each in a cart from the place where they were stored. The transportation, which took from 30 to 50 minutes, was made on rugged land, full of holes, ditches, and stone. He then made another trip with the cart full of stones. The persons who saw him noticed that he was unusually hot, since it was a day in which the sun was very bright. He perspired freely. As he approached the work he collapsed. He was picked up and taken to a nearby house where he died about 9:30 a.m. Without performing an autopsy and on the basis of the clinical findings and the information furnished on the surrounding circumstances, the death was certified to as having been caused by cardiac dilatation and coronary thrombosis. His wife testified that he was a strong man, "he had never been sick," nor had had symptoms of cardiac ailments.

■ There is no question that at the time of the death the workman was performing a customary task and that he displayed physical, common, and usual exertion. The picture of the facts is at first blush compatible with the possibility that the fatal result of his illness was produced during working hours, but there is a significant fact which transfer this case from the mere border line to the field of compensability. This factor is the excessive heat at the time the workman

was performing his work and which in the opinion of the expert for the claimant could precipitate the final attack which took his life. The weighing of the concurring circumstances lead us to conclude that the work performed under such unfavorable conditions—because of the intensive heat—aggravated the idiopathic condition of the worker who had not shown until then external signs, that is, that the death of the deceased occurred sooner than it would have normally occurred.

██ ██ It has been held that a death from heart failure aggravated by a pre-existing disease as a result of the conditions in which the workman performs his work which produces a state of heat prostration or high temperature is compensable. *Plastic Assembled Products, Inc.* v. *Benkoe*, 167 A.2d 589 (Md. 1961); *Cutno* v. *Neeb Kearney & Company*, 112 So.2d 628 (La. 1959); *Reynolds Metals Company* v. *Robbins*, 328 S.W.2d 489 (Ark. 1959); *Ciuba* v. *Irvington Varnish & Insulator Co.*, 141 A.2d 761 (N.J. 1958); *Laclede Steel Company* v. *Industrial Commission*, 128 N.E.2d 718 (Ill. 1955); *Tri-States Construction Co.* v. *Worthen*, 274 S.W.2d 352 (Ark. 1955); *Harding Glass Co.* v. *Albertson*, 187 S.W.2d 961 (Ark. 1945); *West* v. *Phillips*, 288 N.W. 625 (Iowa 1939); *Baltimore & O. R. Co.* v. *Clark*, 59 F.2d 595 (C.C.A. 4, 1932). Of particular interest is the case of *Reynolds Metals, supra,* upholding the compensability despite the fact that it was shown that the cardiac attack had onset before the workman started his daily work, but which was hastened upon resuming his work in an unusually hot place. See McNIECE, Heart Disease and the Law 39–40 (Prentice-Hall, 1961); 3–4 Trauma 70–71 (Dec. 1961). *Cf. Montaner* v. *Industrial Commission*, 54 P.R.R. 686 (1939).

In view of the foregoing, the decision rendered by the Industrial Commission on January 24, 1961 will be affirmed.